Theodorico Peloni v. Smith-Lowe Coal Co.

**Submission of issues.** An issue which has no support in the evidence should not be submitted.

**Mines and mining:** INSTRUCTION: HARMLESS ERROR. An instruction that the owner of a mine is required to keep the roof of the mine entry in a reasonably safe condition, while technically inaccurate, in that his duty is only to exercise reasonable care to maintain it, is not so erroneous as to require a reversal.

**Same:** BURDEN OF PROOF: ASSUMPTION OF RISK. Where a mine owner, in defense to an action for injury to an employee, pleaded that the falling of slate from the roof of the mine was a danger incident to the work and with full knowledge of all matters of negligence on his part complained of the plaintiff continued in the service and thereby assumed the risk, refusal of the court to instruct that the burden was on plaintiff to show that the falling of the slate was not a danger incident to the employment, and in charging the jury that the burden was on defendant to prove assumption of risk, was erroneous.

*Appeal from Polk District Court.*—Hon. Hugh Brennan, Judge.

Thursday, June 8, 1911.

Action for damages resulting in judgment against defendant from which it appeals. *Reversed.*

*Clark & Hutchinson (E. D. Perry,* of counsel), for appellant.

*Hewitt, Miller & Wallingford,* for appellee.

Ladd, J.—I.  The defendant is an operator of coal mines, and in the morning of March 31, 1908, at about 8

o'clock, while walking along entry T. X. in its mine No. 3 a mass of slate fell on plaintiff from the roof, and caused the complete fracture of both bones of his right leg seven or eight inches above the ankle. This entry was about one thousand five hundred feet long, and, as the coal on each side had been removed from the rooms, the employees were engaged in drawing the pillars preparatory to abandoning it. The plaintiff was an experienced miner, and for fifteen days prior to the accident had been at work cleaning the track or changing it. The evidence was such that the jury might have found that in the morning in question he was directed by the pit boss to go down and go straight on the main entry and clean up the track. "Where you find dirt take it away. If you find some pieces of slate, put it on both sides of the road, and if you have not room on both sides, take up some empty car and put in the dirt and after that the driver will come and pull it away." The evidence was in conflict as to whether it was his duty to inspect the roof, and, if it was not, whether the defendant in the exercise of ordinary care should have discovered the condition of that where the accident occurred and either by propping up the roof or removing the portion, if any, which was loose, have obviated the cleavage from the roof which caused the injury. We shall not review the evidence, but are content with saying that it was sufficient to carry the issue as to whether plaintiff by his own fault contributed to his injury as well as the several grounds of negligence, except the second, to the jury.

There was no evidence tending to prove defendant negligent "in that a sufficient amount of timber to be used as props and convenient and ready for use was not placed at the place where plaintiff was injured." No inquiry whatever was made with respect thereto, and this issue ought not to have been submitted to the jury.

1. SUBMISSION OF ISSUES.

II. That portion of the third instruction which told the jury that defendant was required to keep the roof of the entry in a reasonably safe condition is criticised. This was technically inaccurate, for its duty was to exercise reasonable care only to so maintain it. For practical purposes, it is of little concern which way the duty is defined, for if ordinary care is exercised to maintain a place in a safe condition, it is ordinarily safe. While it is preferable that rules be accurately stated, and thereby avoid possibility of prejudice, differences of expression of this kind seldom, if ever, will necessitate a reversal. See *Brusseau v. Brick Co.,* 133 Iowa, 245.

2. Mines and mining: instruction: harmless error.

III. Appellant complains of the refusal of the court to give the tenth instruction requested and of the giving of the eighth instruction. The former told the jury in substance that the burden of proof was on plaintiff to show by a preponderance of the evidence that the falling of the slate from the roof was not one of the dangers incident to the employment and the latter was in words following: "This case involves what is known in law as the doctrine of assumed risks. The plaintiff, Peloni, is presumed to have had knowledge of those things or conditions which a man of ordinary skill and prudence under the same or similar circumstances, exercising ordinary care for his own safety, should have known, and by entering the employ of the defendant and continuing therein and engaging in the work in which he was engaged at the time of his injury, he in law assumed those ordinary risks and dangers incident to such employment of which he knew, or in the exercise of ordinary care should have known. But the plaintiff did not assume risks and dangers occasioned by or resulting from the negligence, if any, of the defendant company, unless he knew or might have known thereof, by the exercise of ordinary care on his part. In other words,

3. Same: burden of proof: assumption of risk.

the plaintiff is not chargeable with the assumption of such risks which might have been avoided by the exercise of reasonable care upon the part of the defendant company, unless he knew and appreciated such danger. The rule that the employee takes the risk of the employment is based upon the proposition that the employer has exercised that degree of care and caution which the law casts upon him. The risks which the plaintiff assumed in this case are those which could not have been avoided or obviated by the adoption of reasonable measures of precaution by the defendant company. The burden of proof is upon the defendant in this case to prove by a preponderance of the evidence that the plaintiff assumed the risk, as alleged by defendant."

The defendant had pleaded in the answer both that the falling from the roof was a danger incident to the work being done, and that with full knowledge of all matters complained of as negligence on defendant's part he continued in its employment and thereby assumed the risk. These issues had been stated to the jury so that there is no escape from the conclusion that in refusing to give the instruction requested, and in giving the closing paragraph of that given, the court ruled that the burden was on the defendant to show that the falling of the slate was a danger inhering in the employment for which it was not chargeable as well as the assumption of the risk of negligence of defendant if any were shown. That this was error appears from *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 724, and *Clark v. Telephone Co.,* 137 Iowa, 81. The instruction in other respects, though not criticised, is not to be approved.

The court rightly omitted to instruct with reference to the fellow servant doctrine for that breaches of masterial duties only were charged. Because of the error in submitting an issue concerning which there was no evidence, and in giving the eighth instruction, the judgment is *reversed.*