EDWIN E. FARMER *v.* POULTNEY SCHOOL DISTRICT.

January Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 2, 1943.

*Stafford, Abatiell & Stafford* for plaintiff.

*Jones & Jones* for defendant.

BUTTLES, J. The defendant is a town school district which owns and, by its officers and agents, operates and manages divers school buildings in the town of Poultney, one of which is known as the South Poultney school. On or about October 8, 1941, one of the school directors of the defendant, in pursuance of his duty as such school director, brought the plaintiff upon the premises and into the building of said South Poultney school for the purpose of making a survey of certain work that was required to be done in the building. The survey having been completed the plaintiff started, after dusk, to leave the building by the front steps leading therefrom to the ground. There were seven of these steps made of cement. There had formerly been a pipe hand railing on each side of the steps, each attached to the building and then supported by three upright irons. In descending the steps the plaintiff fell from the right hand side thereof and was injured. In this tort action he seeks to recover damages for such injuries which he alleges were due to the negligence of the defendant in failing to adequately light the steps and in permitting a part of the hand railing to be removed.

The defendant demurred to the declaration, the trial court sustained the demurrer and the plaintiff comes to this court upon exceptions to the action of the court in so doing. The grounds of the demurrer were, in brief, that the defendant is a political subdivision of the State created by it to carry out its policy of educating its youth; that lighting and keeping in repair the stairway leading to its school house, including the guard-rail attached thereto, is a governmental activity directly connected with the purpose for which the defendant was created and that it is therefore immune from liability for plaintiff's injuries suffered in the manner and under the circumstances alleged in the declaration.

It is contended by the defendant and conceded by the plaintiff that the defendant is a body corporate, separate and distinct from the town. This is in accord with the holdings of this Court in *North Troy School Dist.* v. *Town of Troy,* 80 Vt 16, 32, 66 A 1033, and *Farmer* v. *Haley,* 100 Vt 75, 78, 135 A 12.

By Section 4329 of the Public Laws it is provided that

"Each town district shall provide, furnish, maintain and control schoolhouses suitable for schools under the provisions of this title. The board of school directors shall, when so authorized by the town

district, have power to lease or purchase buildings or sites for schoolhouses, locate and erect schoolhouses, and sell or otherwise dispose of schoolhouses or sites for same, and for such purposes a district may raise a tax on its grand list."

Section 4173, so far as here material, provides that

"The board of school directors shall have the care of the school property of the town district and the management of its schools and keep the schoolhouses suitably repaired and insured."

The question of the defendant's immunity from liability here in issue stands no differently than it would if the defendant were a town, city or incorporated village having a wider field of activity and power and responsibility with respect to more matters than those assigned by the Legislature to a town school district. The rule as to liability for tort is the same in the case of a municipality in charge of local schools as in the case of a school district. No distinction is recognized between the two when the duties are the same. 24 RCL 605.

In *Lemieux* v. *St. Albans,* 112 Vt 512, 28 A2d 373, this Court has recently reaffirmed its adherence to the general rule, which has been almost universally recognized, that in the absence of statutory provision there can be no recovery against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character, but in so far as a municipal corporation acts in its private or proprietary capacity the general rule is that it is liable in tort in the same manner as a private corporation. 38 Am Jur Torts sec. 572; 43 CJ 921 et seq.; *Welsh* v. *Rutland,* 56 Vt 228, 48 Am Rep 762; *Morgan* v. *Stowe,* 92 Vt 338, 104 A 339, LRA 1918F 1000; *Sanborn* v. *Enosburg Falls,* 87 Vt 479, 89 A 746; *Carty's Admr.* v. *Winooski,* 78 Vt 104, 62 A 45, 2 LRANS 95, 6 Ann Cas 436; *Stockwell* v. *Rutland,* 75 Vt 76, 53 A 132; *Winn* v. *Rutland,* 52 Vt 481; *Weller* v. *Burlington,* 60 Vt 28, 12 A 215; *Bates* v. *Rutland,* 62 Vt 178, 20 A 278, 9 LRA 363, 22 Am St Rep 95; *Latullippe* v. *Burlington,* 93 Vt 434, 108 A 425.

Although this rule appears to have been followed with practical unanimity except by the courts of Florida and South Carolina,

considerable difficulty has been encountered and diversity of view has arisen in the application of statutes which have been thought to modify the general rule, and in drawing the line which separates governmental activities from those of a corporate or proprietary nature. As is stated in the Lemieux case, *supra,* our cases have tended towards holding that powers conferred upon municipalities by charter or by other statutory provisions are governmental rather than corporate or proprietary functions. Thus in *Welsh* v. *Rutland, supra,* and in *Morgan* v. *Stowe, supra,* it was held that the immunity of a municipality from tort liability extends to injuries caused by negligence in the maintenance and in the location of hydrants intended for use by a municipal fire department, although some authority may be found elsewhere which is seemingly at variance with these holdings. So, too, the rule is well established in Vermont, as is evidenced by several of the cases previously cited, that, except as provided by statute, defects in streets and highways do not constitute bases for municipal liability for negligence. This also is contrary to the decisions in some jurisdictions.

According to modern views no more important duty devolves upon the state than that of education of its youth. The duties and powers which it delegates to its political subdivisions in respect thereto are for the benefit of the people of the state as a whole. Certainly no pecuniary or corporate benefit accrues to the municipality. Many cases are to be found which hold that the statutory activities of a city, town, school district or incorporated village in the conduct, management and maintenance of schools are within the rule of immunity from tort liability in the absence of a statute expressly imposing such liability. Included in such cases are a considerable number in which recovery was sought because of the defective condition of or failure to repair school buildings or grounds or some object appertaining thereto. Among such cases are *Hill* v. *Boston,* 122 Mass 344, 23 Am Rep 332; *Sullivan* v. *Boston,* 126 Mass 540, 542; *Ernst* v. *West Covington,* 116 Ky 850, 76 SW 1089, 63 LRA 652, 105 Am St Rep 241, 3 Ann Cas 882; *Wixon* v. *Newport,* 13 RI 454, 458, 43 Am Rep 35; *Srnka* v. *Joint District,* 174 Wis 38, 182 NW 325; *Gold* v. *Baltimore,* 137 Md 335, 112 A 588, 14 ALR 1389; *Daniels* v. *Board of Education,* 191 Mich 339, 158 NW 23, LRA 1916F 468; *Lane* v. *Woodbury,* 58

Iowa 462, 12 NW 478; *Bank* v. *Brainerd School District,* 49 Minn 106, 51 NW 814; *Kinnare* v. *Chicago,* 171 Ill 332, 49 NE 536; *Whitehead* v. *Board of Education,* 139 Mich 490, 102 NW 1028. Included also are cases in which some person who was rightfully on or near the school premises, other than a pupil or teacher, suffered injury. *Kinnare* v. *Chicago, supra; Whitehead* v. *Board of Education, supra; Johnson* v. *Board of Education,* 102 NJL 606, 133 A 301; *McKnight* v. *Cassady,* 113 NJL 565, 174 A 865; *Wallace* v. *School Dist. of Pittsburgh,* 316 Pa 388, 175 A 411.

■ The provisions of the Vermont statutes which we have quoted merely delegate to a school district certain of the State's duties regarding education and indicate the officials by whom those duties are to be performed. They cannot be construed as imposing upon a school district or its directors any liability to which the common law does not subject them. *Judgment affirmed.*