# Town of South Burlington

## v.

## American Fidelity Company
## Ward Brace and Joan Brace

[215 A.2d 508]

October Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1965

*William E. Mikell* for Town.

*A. Pearley Feen* and *Paul D. Sheehey* for insurer.

**Barney, J.** A claim of personal injury, asserted to arise out of an accident caused by a defective culvert, was presented against the plaintiff by the defendant Braces. The plaintiff turned to its insurer, the defendant American Fidelity Company, for protection and defense against the liability charged. The insurer declined to defend, basing its refusal on certain exclusionary provisions in its policy. The plaintiff brought this declaratory judgment action to have the duties of the insurer under the insurance agreement defined, also joining the claimant Braces. The chancellor ordered the insurer to undertake the defense on behalf of the plaintiff.

The general liability obligation of the insurer is undisputed. It is set out in the following language in the policy:

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily in-

jury, sickness or disease, including death at any time resulting therefrom, sustained by any person and, caused by accident.

The complaint asserts without traverse the duty of the insurer to defend, which is stated in the policy itself, an exhibit in the case, as follows:

(The company shall ) defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.

In its answer the insurer admitted that the plaintiff had been sued by the Braces, and that the injury complained of was alleged to have arisen as "a result of a motor vehicle accident when the motor vehicle in which she was traveling was thrown into a hole in a culvert on Spear Street in said town." The insurer's answer admitted, further, that the plaintiff is legally liable for the accident and injury. It defended on the ground that such liability derives from the condition of the street involved, and therefore falls within an exclusion in the policy. It bases its position on an endorsement excluding "coverage for liability arising from the existence of streets and sidewalks."

At that point in the litigation issue was joined on the question as to whether the allegations made in the complaint were sufficient to charge the insurer with the duty to defend. In many respects the issue resembled that arising on a demurrer to a complaint, whose sufficiency depends upon the alleging of facts supporting a claim of breach of duty. In this case, the duty involved was that of defending a liability claim.

This duty arises when raised by the allegations upon which the claim is stated, when the claimant is a stranger to the policy. *Commercial Ins. Co. v. Papandrea*, 121 Vt. 386, 390, 159 A.2d 333. As is there pointed out, the insurer is precluded, by the terms of its duty, from determining, ahead of trial, the truth or falsity of a claim that comes within the policy coverage, when determining whether or not it must defend.

So, it was for the chancellor to say whether or not the allegations raised the duty to defend, as the plaintiff argues, or stated a claim that fell within the specific exclusion in the policy, relating to streets and sidewalks, as the insurer contends. At this stage of the matter, the actual facts of the accident episode were not yet relevant. The resolu-

tion of the issue was to be derived from language, the language of the policy and the language of the complaint.

The issue must be decided within the governing proposition that the duty of the insurer to defend is broader than its obligation to indemnify. *Commercial Ins. Co.* v. *Papandrea,* supra, 121 Vt. 386, 392, 159 A.2d 333. Furthermore, since the purpose of the contract was and is to provide a shield against liability claims, the policy terms must be given an interpretation consistent with that purpose, with limitations and exclusions strictly construed. *American Fidelity* v. *North British,* 124 Vt. 271, 274, 204 A.2d 110.

In this case the insurer's pleadings concede that the complaint involved charges the plaintiff with liability for an injury to defendant Joan Brace through an accident caused by a hole in a culvert on Spear Street. Unless this complaint, at law, must be construed as a cause of action arising from the existence of streets and sidewalks under the exclusionary provision of the policy, the insurer is bound to defend.

For purposes of municipal liability in this state there is an immense difference between culverts and streets. 19 V.S.A. § 1371 gives a person injured by reason of the insufficiency or want of repair of a culvert a right to recover his damages in an action of tort against the town responsible for the maintenance of the culvert. No such statutory right of recovery exists with respect to streets and sidewalks. In fact, under present case law, towns are protected from liability for insufficiencies in streets and sidewalks by the persisting doctrine of governmental immunity. *Latulippe* v. *City of Burlington,* 93 Vt. 434, 435-6, 108 Atl. 425; *Farmer* v. *Poultney School Dist.,* 113 Vt. 147, 150, 30 A.2d 89. This distinction accounts for the municipality's interest in insuring itself with respect to injuries from culverts, while accepting the exclusion of streets and sidewalks. So long as that exclusion is in the insurance contract, the immunity is not waived, by the provisions of 29 V.S.A. § 1403. In that section the immunity is legislatively recognized, and its waiver provided for only by, and to the extent of, insurance coverage in that area. Concededly, there is no such streets and sidewalk coverage here.

It is the condition of the culvert as a causative factor which creates liability under 19 V.S.A. § 1371. *Thompson* v. *Town of Stannard,* 125 Vt. 140, 143, 211 A.2d 253. Likewise, if the hole causing the accident derives solely from the condition of the street itself, without the operating causation of the leaky culvert, neither the statute nor the policy apply. Bringing all this to bear on the complaint in-

volved here, we have no difficulty in finding, as the order of the chancellor provides, that the complaint raises a duty to defend on the part of the insurer, since it alleges an accident and injury having its origin in a defective culvert, as distinguished from street or sidewalk.

The parties went beyond this question and submitted evidence as to the cause of the accident in fact, as well as evidence concerning the actual condition of the street and culvert involved. The chancellor made findings and adjudicated, as between these parties, the duty of the insurer to defend the plaintiff, not only on the basis of the allegations, but on the basis of the actual existence of a defect in the culvert.

He found that a leak in the culvert pipe permitted the washing away of an area beneath the road surface, creating the hole that caused the accident. From this, he determined that the want of repair to the culvert was the proximate cause of the accident. His findings of fact in that connection are adequately supported by the evidence. Furthermore, they are unchallenged.

The insurer did challenge a finding of the chancellor that Spear Street was, at the time of the accident, undergoing "street construction or reconstruction, excavation, surfacing or resurfacing." This finding would support an exception to the street and sidewalk exclusion, provided for in the policy, and, again, require the insurer to defend.

However, the mere fact that the leaking culvert brought about the hole in Spear Street does not displace the causation from the culvert to the street and bring the street and sidewalk exclusion into operation. The evidence as to culvert repairs was sufficient to support the finding and might justify the application of the exception to the exclusion. Nevertheless, in the view of the Court, the liability is so clearly established as originating in the defective culvert that it will be treated as controlling. On this issue alone, the order of the chancellor, requiring the insurer to defend, is amply supported in law and in fact.

*Decree affirmed.*