## Commercial Union Insurance Company v. City of Montpelier and Bruce Hallock

[353 A.2d 344]

No. 162-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 4, 1976

*Peter B. Joslin* of *Theriault & Joslin,* Montpelier, for Plaintiff.

*McKee, Clewley & FitzPatrick,* Montpelier, for City of Montpelier.

*Natt L. Divoll,* Bellows Falls, for Bruce Hallock.

**Smith, J.** This is an appeal from a declaratory judgment action brought by plaintiff, Commercial Union Insurance Company (hereinafter Commercial Union), against the insured, the City of Montpelier, and Bruce Hallock, defendants, to determine whether it was obligated to defend Montpelier in an action for assault brought by Mr. Hallock. In May, 1975, the court below ruled that Commercial Union had the duty to defend Montpelier, and Commercial Union appealed to this Court.

Mr. Hallock's complaint against Montpelier was not before this Court at the time of this appeal's oral argument. We subsequently dismissed the case by an entry order in November, 1975, for lack of a complete record. The complaint was recently submitted to us on December 1, 1975, with a stipulation from the parties that it might be made an exhibit, and with a motion to reconsider the entry order, pursuant to V.R.A.P. 27. We grant that motion and now consider the appeal on its merits.

Mr. Hallock's complaint alleged that on May 12, 1971, he was "arrested by police officers of the defendant City of Montpelier, and while in custody at the lock up in Montpelier, was assaulted by various sundry servants."

Commercial Union maintains that, according to its Multi-Peril Policy, Number E-B-40173-07, Montpelier was not insured for injuries to another resulting from an assault and battery because the policy covered only accidental, not intentionally-inflicted, injuries.

The policy, an exhibit below, insured against any "occurrence" causing bodily injury. As defined in the policy, " 'occurrence' means an accident . . . which results . . . in bodily injury . . . neither expected nor intended from the standpoint of the insured."

The lower court, citing *State* v. *Murphy*, 128 Vt. 288, 262 A.2d 456 (1970), concluded that an assault and battery is not necessarily an intentional act, that it may be the result of reckless conduct.

An insurer's duty to defend an insured "is measured by the allegations upon which the claim is stated." *Commercial Insurance Co.* v. *Papandrea*, 121 Vt. 386, 390, 159 A.2d 333 (1960) ; *South Burlington* v. *American Fidelity Co.*, 125 Vt. 348, 215 A.2d 508 (1965). Since Mr. Hallock's complaint alleged an assault, only the lower court's definition of assault and battery as inclusive of reckless conduct is being challenged and is the crux of this appeal.

There have been many Vermont cases based on assault and battery claims which this Court has had occasion to review. But none have faced the problem with which we are now confronted. *Wendell* v. *Union Mutual Fire Insurance Co.*, 123

Vt. 294, 187 A.2d 331 (1963), involved a similar suit on an insurance contract. In that case the plaintiff-homeowner wanted to recover from the defendant insurance company the costs of defending an assault and battery charge, but the insurance company claimed that it had no duty to defend, under the insurance policy, actions for intentionally-inflicted injury. This Court, on review of the record of the trial, declared "[I]t appears that the judgment rendered against the plaintiff in this action was founded upon an intentional act, an assault and battery." *Wendell* v. *Union Mutual Fire Insurance Co., supra,* 123 Vt. at 297. This Court remarked, then, on the quality of the act in question in that case, and did not delimit assault and battery in general.

*Anton* v. *The Fidelity & Casualty Co.,* 117 Vt. 300, 305, 91 A.2d 697 (1952), noted that " '[a]ccident' . . . is a more comprehensive term than 'negligence', and in its common significance means an unexpected happening without intention and design." Many jurisdictions extend assault and battery into the middleland that accident occupies between negligence and intentional act. 6A C.J.S. *Assault and Battery* §§ 5, 9. It has been held that gross or culpable negligence may result in a cause of action for battery, and that recklessness in the performance of an unlawful act may also comprise battery. 6A C.J.S. *Assault and Battery* § 9; *Jenkins* v. *Averett,* 424 F.2d 1228 (4th Cir. 1970); 6 Am.Jur.2d *Assault and Battery* §§ 6, 117. Assault occurs criminally in Vermont when a person "recklessly causes bodily injury to another; or negligently causes bodily injury to another with a deadly weapon. . . ." 13 V.S.A. § 1023.

■ It cannot be assumed, therefore, from the face of Mr. Hallock's complaint that the acts complained of were intentional, and not accidental. As then Justice Barney noted in *South Burlington* v. *American Fidelity Co., supra,* 125 Vt. at 349–50:

> At this stage of the matter, the actual facts of the accident episode were not yet relevant. The resolution of the issue was to be derived from language, the language of the policy and the language of the complaint.

The issue must be decided within the governing proposition that the duty to defend is broader than its obligation to indemnify.

*Affirmed.*