**TOWN OF KIMBALL (West Virginia, a municipal corporation), Appellee,**

v.

**AETNA CASUALTY AND SURETY COMPANY, a foreign corporation, Appellant.**

No. 81–1548.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 20, 1981.

Decided Dec. 16, 1981.

Norris Kantor, John C. Parr, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, W. Va., on brief, for appellee.

J. Strother Crockett, Tutwiler, Crockett, LaCaria & Murensky, Welch, W. Va., on brief, for appellant.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and ERVIN, Circuit Judge.

PER CURIAM:

In this diversity action, Aetna Casualty and Surety Company appeals from a declaratory judgment of the district court holding that Aetna was obligated under the terms of its "Owners', Landlords' and Tenants' Liability Policy" to assume the defense of its insured, the Town of Kimball. We affirm.

Following his arrest by a member of the town's police department, an individual instituted an action naming the town and several of its employees as defendants. The complaint alleged that the arresting

officer had maliciously beaten the individual.

After Aetna refused to defend, the town brought suit in state court seeking a declaration that Aetna was contractually obligated to undertake the town's defense. Aetna then removed the action to federal court. Without addressing the merits of the underlying action or the question of Aetna's potential liability, the district court held that the contract required Aetna to assume this responsibility and entered summary judgment in favor of the town.

The insurance contract provides that Aetna shall have a duty to defend against suits alleging accidents "which [result] in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Aetna maintains that it has no duty to defend the town because the suit alleges only an intentional tort.

This argument misconceives the nature of the claims asserted. The district court properly held that the company's obligation to defend the town must be determined by considering all the allegations of the complaint. *Employers Mutual Liability Ins. Co. of Wisconsin v. Hendrix*, 199 F.2d 53, 56 (4th Cir. 1952). These include charges that the town knew of the officer's propensity for violence and negligently failed to supervise him. In view of this, the district court correctly concluded that the pleadings would allow a jury to return a verdict against the town as a result of its negligent conduct. The policy therefore requires Aetna to assume the town's defense. *See Commercial Union Insurance Co. v. City of Montpelier*, 134 Vt. 184, 353 A.2d 344 (1976). The judgment of the district court is affirmed for reasons adequately stated in its opinion. *Town of Kimball v. Aetna Casualty & Surety Co.*, C/A No. 80-1103 (S.D. W.Va. April 7, 1981).