## Martin and Melissa Garneau v. Curtis & Bedell, Inc. v. Insurance Company of North America

[610 A.2d 132]

No. 91-183

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed April 24, 1992

*Gene Ann Condon, P.C.*, Stowe, for third-party Plaintiff-Appellee Curtis & Bedell, Inc.

*Samuel Hoar, Jr.*, of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellant Insurance Company of North America.

**Dooley, J.** This controversy over insurance coverage arises out of a lawsuit brought by plaintiffs, Martin and Melissa Garneau, against defendant Curtis & Bedell, Inc. (C & B), a contractor, over the construction of a house on plaintiffs' land. The house was built too close to the property line in violation of zoning requirements, and plaintiffs sued C & B for the cost of remedying the problem. C & B then brought a third-party complaint against its insurer, the Insurance Company of North America (INA), alleging that INA had a duty to defend it in the suit and to indemnify it for costs and damages it incurred. INA appeals the superior court's denial of its motion for summary judgment, claiming that the court erred in concluding that INA

had a duty to defend C & B against plaintiffs' suit. We agree that plaintiffs' claim was not covered by C & B's insurance policy with INA and reverse.

C & B contracted with plaintiffs to build a house on their property in Stowe. In their complaint, plaintiffs alleged that C & B contracted to "site, construct, and landscape" the house pursuant to the terms of certain proposals and a Stowe zoning permit. They further alleged that C & B "improperly and negligently" sited the house too close to the property line in violation of the zoning permit. In its answer to the complaint, C & B denied that it ever had been responsible for siting the house.

In its third-party complaint, C & B alleged that INA had issued to it a contractor's "package policy" that included liability coverage and that, under that policy, INA had a duty to defend C & B against plaintiffs' action, and to indemnify it for costs or damages from any judgment rendered against it. INA denied coverage and moved for summary judgment, asserting that certain policy exclusions applied. In particular, INA relied on the following "work product" and contract exclusions:

> We won't protect against claims for *property damage* to your *products* where the damage arises out of the *products* themselves or any part of them. And we won't protect against claims for *property damage* to *completed work* you performed where the damage arises out of the work itself. We won't protect against claims for liability you assume under any *contract* other than an *incidental contract* as defined in the GLOSSARY.

(Emphasis in original.) It is undisputed that the contract between C & B and plaintiffs is not an incidental contract as that term is used in the INA policy.

The court found that there was no disputed issue of material fact in the coverage suit between C & B and INA and found for C & B on the law. Although the court concluded that plaintiffs' complaint against C & B set forth a claim for property damage to C & B's completed work that arose out of the work itself and therefore was excluded from coverage under the policy, it found coverage because C & B denied in its answer that the contract required it to site the house and further denied that it did site the house. The court reasoned that if C & B was correct in its

defense, liability would not arise out of a contract or out of the "work itself" and would not be excluded. Because it found it possible that the claim would be covered, the court held that INA had a duty to defend.

We apply the same standard as the trial court in ruling on a motion for summary judgment. See *Kelly v. Town of Barnard*, 155 Vt. 296, 299, 583 A.2d 614, 616 (1990). Summary judgment should be granted when, taking all the allegations made by the nonmoving party as true, no genuine issue of material fact is presented and the moving party is entitled to judgment as a matter of law. See *id*. The parties agree that there is no factual dispute. The issue is solely one of law.

Normally, the duty of an insurance company to defend in an action is measured by the underlying allegations in the complaint against its insured. *Cooperative Fire Ins. Ass'n v. Gray*, 157 Vt. 380, 382, 599 A.2d 360, 361 (1991); *Commercial Union Ins. Co. v. City of Montpelier*, 134 Vt. 184, 185, 353 A.2d 344, 345 (1976). Resolution of the question of the duty to defend is made on "the language of the policy and the language of the complaint." *Town of South Burlington v. American Fidelity Co.*, 125 Vt. 348, 349–50, 215 A.2d 508, 510 (1965). Occasionally, we have looked to the known facts underlying a plaintiff's complaint to understand the application of policy provisions or exclusions. See, e.g., *Espinet v. Horvath*, 157 Vt. 257, 259–60, 597 A.2d 307, 309 (1991).

An insurer's duty to defend its insured is broader than its duty to indemnify. *American Protection Ins. Co. v. McMahan*, 151 Vt. 520, 525, 562 A.2d 462, 466 (1989). The insurer has a duty to defend whenever it is clear that the claim against the insured might be of the type covered by the policy. See 7C J. Appleman, Insurance Law & Practice § 4684.01, at 99 (1979) ("duty to defend exists if the claim potentially comes within the policy"); *Commercial Union Ins. Co. v. Henshall*, 262 Ark. 117, 123, 553 S.W.2d 274, 277 (1977) (duty to defend arises where it is possible that damage might fall within policy coverage). The duty to defend does not extend, however, to circumstances in which there is, as a matter of law, no duty to indemnify. See *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 44, 574 N.E.2d 1035, 1037, 571 N.Y.S.2d 429, 431 (1991) (no duty to de-

fend if there is "no possible factual or legal basis on which it might eventually be obligated to indemnify").

■■ In determining whether the insurer has a duty to indemnify, any ambiguity in the insurance contract will be resolved in favor of the insured. *American Protection Ins. Co. v. McMahan*, 151 Vt. at 522, 562 A.2d at 464. However, the contract must be interpreted according to its terms and the parties' evident intent as gathered from the language used. *Cooperative Fire Ins. Ass'n v. Gray*, 157 Vt. at 383, 599 A.2d at 362.

We addressed a work product exclusion, similar to that present here, in *Peerless Insurance Co. v. Wells*, 154 Vt. 491, 493 n.2, 580 A.2d 485, 487 n.2 (1990). There, the allegation against the contractor was that he failed to compact the fill under the slab foundation of the house and the house suffered structural damage when the slab settled. We held that the work product exclusion applied to exclude coverage.

The purpose of the work product exclusion is clear. As the California Court of Appeals explained recently in *Diamond Heights Homeowners Ass'n v. National American Insurance Co.*, 227 Cal. App. 3d 563, 571–72, 277 Cal. Rptr. 906, 910 (1991), the work product exclusion

> precludes coverage for liability for damage to and deficiencies of the insured contractor's work product. . . . The exclusion is consistent with the purpose of this type of policy which is neither a performance bond nor an all-risk policy. The coverage afforded by such policy is for tort liability for physical damage to others . . . . [It] is not for liability for economic loss based on a product or completed work which is not that for which the damaged person bargained.

See also Henderson, *Insurance Protection for Products Liability and Completed Operations—What Every Lawyer Should Know*, 50 Neb. L. Rev. 415, 441 (1971); *Weedo v. Stone-E-Brick, Inc.*, 81 N.J. 233, 239–40, 405 A.2d 788, 791 (1979) ("consequence of not performing well is part of every business venture" and is excluded from coverage unless there is injury to people or damage to other property caused by the faulty workmanship).

■ As the trial court found, plaintiffs' complaint against C & B was for damage to C & B's work product, the sited house,[1] and arose out of C & B's allegedly deficient siting. This was squarely within the work product exclusion. This conclusion was consistent with plaintiffs' allegation that C & B negligently sited the house, a claim based on a tort rather than contract theory. However the claim is characterized, the damages sought were for the cost of remedying the defect in the house, C & B's completed product, precisely that for which plaintiffs bargained. See *Indiana Ins. Co. v. DeZutti*, 408 N.E.2d 1275, 1279 (Ind. 1980) (policy similar to instant one did not provide coverage to builder for "expenditures required to correct, repair or replace his own poor workmanship"); *Heldor Industries v. Atlantic Mutual Ins.*, 229 N.J. Super. 390, 396, 551 A.2d 1001, 1004 (1988) (insured assumes risk of replacement or repair of faulty parts as a cost of doing business). Whether couched in tort or contract language, plaintiffs' theory is that C & B failed to produce the house it contracted to build. To find coverage would turn the policy into a guarantee of the contractor's workmanship, exactly what the policy is intended to exclude. Since there is no possibility of coverage, there is no obligation to defend.[2]

■ Finally, we disagree with the trial court's theory, urged here by C & B, that allegations, denials or information contained in the answer to plaintiffs' complaint somehow transformed the claim against C & B into one potentially covered by the insurance policy. Even considering C & B's answer, there is no possibility of coverage. The answer did no more than deny that C & B sited the house or that it was contractually obligated to do so. If C & B prevails on this position, there will be no liability because an essential element of plaintiffs' complaint, on

---

[1] Although we have referred to the house as the product, the terminology in the policy is broad enough to apply to anything that C & B delivered under its contract with plaintiffs, including services and warranties. Thus, the term "completed work" includes "work, operations or services" performed by the contractor and turned over to others. It includes "warranties or representations made at any time with respect to the fitness, quality or performance" of the contractor's work.

[2] Because we conclude that the work product exclusion applies, we do not decide whether coverage is also excluded by the contract exclusion.

any theory, will have been negated. No other claim, not covered by the exclusions from the INA policy, is waiting in the wings ready to come forward. Thus, the trial court's reasoning parlays the possibility that defendant will not be found liable, a possibility present in any lawsuit, into an obligation to defend. Inevitably, such reasoning results in eliminating the effect of any policy coverage exclusion in determining the obligation to defend.

*Reversed. Judgment is entered for third-party defendant, Insurance Company of North America.*