OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff developer has been sued by 30 of the 35 homeowners who bought houses in its Orchard Park development, which is located in the Town of New Scotland. The homeowners have alleged that plaintiff "failed to erect [their] home[s] in a workmanlike manner” by furnishing dwellings without a safe water supply. According to the bill of particulars, the homes, which do not have access to a public water supply system, are connected to ground water wells with water that is contaminated by "iron, iron bacteria, sodium, chloride and dangerously high levels of methane gas.” These contaminants, the homeowners allege, pose a hazard to their household fixtures and appliances as well as to their families’ health.
We agree with the conclusion of the Appellate Division that defendant, plaintiff’s comprehensive liability insurer, is not obligated to defend and indemnify plaintiff in the homeowners’ action. The insurance policy contains an exclusion for "property damage * * * arising out of [the insured’s] products” or out of the "work performed by or on behalf of the named insured.” That exclusion, commonly termed a "work product” exclusion, exists to exclude coverage for business risks, including claims that the insured’s "product or completed work [was] not that for which the damaged person bargained” (Henderson, Insurance Protection for Products Liability and Completed Operations — What Every Lawyer Should Know, 50 Neb L Rev 415, 441; see, Commerce Ins. Co. v Betty Caplette Bldrs., 420 Mass 87, 647 NE2d 1211).
The "work product” of a residential land developer such as plaintiff includes not only the mortar, bricks, wiring and pipes that comprise its houses, but also the numerous discretionary *1059 choices that must be made in the course of erecting those houses. The builder’s site choice, a choice that necessarily includes consideration of its access to a water supply, is clearly part of that work product (see, Gene & Harvey Bldrs. v Pennsylvania Mfrs. Assn. Ins. Co., 512 Pa 420, 427, 517 A2d 910, 913-914; Garneau v Curtis & Bedell, 158 Vt 363, 368, 610 A2d 132, 134).
Thus, under the terms of plaintiff’s insurance policy, liability arising from siting this development so as to be dependent upon a contaminated water supply is excluded from coverage.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs, in a memorandum.