**Lucas CONGDON v. AUTOMOBILE CLUB INSURANCE COMPANY**

[816 A.2d 504]

No. 01-476

---

November 8, 2002. Plaintiff Lucas Congdon appeals a grant of summary judgment in favor of defendant, the Automobile Club Insurance Company, in which the Washington Superior Court rejected plaintiff's contentions that the Automobile Club Insurance policy (the AAA policy) was ambiguous, and that he qualified as an "insured" under the policy held by his mother's "domestic partner." In the absence of any ambiguity in the policy provisions defining the covered parties, we hold that the AAA policy should not be construed to extend coverage to the son of the policy holder's "domestic partner," and accordingly, affirm.

In July 1996, two days after registering his recently purchased Suzuki motorcycle, plaintiff was struck by an uninsured motorist at the intersection of Routes 302 and 2 in Montpelier. At the time of his accident, plaintiff was 18 years old and resided in a home that his mother, Jane Werley, co-owned with Paul Boffa. Boffa was the named insured on a policy issued by defendant insurance company.

As there are no facts in dispute, the question presented to this Court is whether plaintiff was insured under the AAA policy by virtue of his familial relationship with his mother, who was listed as an insured driver in the Declarations under Boffa's AAA policy. Alternatively, plaintiff argues that the policy's definition of "family member," which includes ward or foster child, should be extended to include plaintiff, based on his mother's long relationship with Paul Boffa.

In reviewing a grant of summary judgment, this Court relies on the same standard applied by the trial court, and will affirm that court's decision "if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Granger v. Town of Woodford*, 167 Vt. 610, 611, 708 A.2d 1345, 1346 (1998) (mem.); V.R.C.P. 56(c). In making this determination, we regard all allegations of the nonmoving party to be true as long as they are supported by admissible evidence, and the nonmoving party is also afforded all reasonable doubts and inferences. *United Servs. Auto. Ass'n v. Swann*, 170 Vt. 302, 304, 749 A.2d 23, 25 (2000).

Vermont adheres to the maxim that any ambiguity in an insurance policy must be construed in favor of the insured. *Garneau v. Curtis & Bedell, Inc.*, 158 Vt. 363, 367, 610 A.2d 132, 134 (1992). The existence of an ambiguity is not determined simply by the presence of a dispute, but rather on whether a provision is reasonably subject to different interpretations. In the absence of any ambiguity, a policy is a contract, and its terms should be applied based on their

plain meaning and the intent of the parties as it is revealed by that meaning. *Id.* Paul Boffa, the domestic partner of plaintiff's mother, was named as the insured party in the Declarations. Plaintiff's mother is listed as an "insured driver" on a separate page. By its terms, and under 23 V.S.A. § 941(a), the AAA policy extended coverage for personal or property injury sustained in an accident caused by the owner or operator of an uninsured motor vehicle to an "insured person." The policy further defines "insured" as "you, or any 'family member.'" Family member is defined as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

According to the AAA policy, "you" includes the "named insured" listed in the Declarations, and the resident spouse of the named insured. Boffa's name is in the space beneath the Declarations line specifying the named insured. The parties agree that plaintiff's mother and Paul Boffa were not married to each other. The uninsured motorist provision was not intended by the parties, as evidenced by the plain meaning of the policy, to extend to family members of an insured driver when that driver is not the named insured. Such coverage was expressly limited to family members of the named insured, Paul Boffa.

Plaintiff also argues that he should be considered a member of Boffa's family for the purpose of determining coverage under the AAA policy. As described above, the policy extends coverage on the basis of a family relationship to any "person related to [the named insured or the spouse of the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household. This includes a ward or foster child." Neither "ward" nor "foster child" is afforded a definition under the policy. A policy term in dispute ought to be read according to its plain, ordinary and popular meaning.

*Ulm v. Ford Motor Co.*, 170 Vt. 281, 295, 750 A.2d 981, 992 (2000).

To consider plaintiff the ward of Paul Boffa runs counter to the common understanding of that term, which, as derived from statute, implies a guardian-ward relationship created by legal process in which one of the following factors led to its creation: the absence of a living parent who is authorized to act as a guardian; the parent is shown to be incompetent or unsuitable; the parent has lived out of the state for three years, has not contributed to the child's support, and the child has lived in the state for three years; and when no parent objects and the appointment is in the best interests of the child. 14 V.S.A. § 2645(1)-(4). In this case there was no indication in the record that Boffa had undertaken the responsibilities of a guardian, or that Boffa had supplanted his mother as guardian. As plaintiff was eighteen years old at the time of his accident, such responsibilities would have also required a demonstration of mental illness, retardation, and an inability to manage his affairs without the supervision of a guardian, 14 V.S.A. § 3061(1)(A)-(C), or, in the alternative, that plaintiff filed a voluntary petition requesting the appointment of a guardian. 14 V.S.A. § 2671. Because no such demonstrations were made, plaintiff, the eighteen-year-old son of Boffa's domestic partner, cannot reasonably be considered his ward for the purposes of the AAA policy.

Neither can plaintiff be considered a foster child of Paul Boffa. The statute governing the placement of foster children defines child as "an individual under the age of 13." 33 V.S.A. § 3511(1). While the AAA policy does not lend a definition to the term, it seems clear that plaintiff, having achieved the age of majority at the time of his accident, could not satisfy any reasonable definition of foster child in his relationship with Boffa.

Finally, plaintiff urges us to apply the rationale relied on by the Supreme Court

of Rhode Island in *Mallane v. Holyoke Mut. Ins. Co.*, 658 A.2d 18 (R.I. 1995). In that case, plaintiff was listed as a driver under his brother's insurance policy, and because the term driver was not defined, the court recognized an ambiguity as to whether a driver was an "insured" subject to the broader terms of the policy. In resolving that ambiguity, the court decided that the contents of the declarations page were determinative of coverage and "'must be deemed to define coverage and the insured's expectation of coverage.'" *Id.* at 21 (quoting *Lehrhoff v. Aetna Cas. & Sur. Co.*, 638 A.2d 889, 892 (N.J. Super. Ct. App. Div. 1994)). The Rhode Island court noted that its decision was consistent only with those of "the minority of jurisdictions." *Id.* Connecticut, for example, has held that a person listed as a driver, but not designated as an insured party, is not entitled to underinsured motorist coverage under a policy which limited such coverage to "you or any family member," and then specifically defined "you" as the named insured listed in the declarations. *Kitmirides v. Middlesex Mutual Assurance Co.*, 783 A.2d 1079, 1082-83 (Conn. App. Ct. 2001).

In the AAA policy in question, there is no ambiguity as to the named insured, and it is plaintiff's relationship to the named insured described in the policy that is determinative of his coverage for injury by an uninsured motorist. In determining that plaintiff is not entitled to uninsured motorist coverage under the policy, we do not address the issue of plaintiff's mother's status as an "insured driver." While 23 V.S.A. § 941(a) has been held to protect insured parties regardless of their location at the time of injury, the determination of who qualifies as the "insured" is left to the parties to an insurance contract. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 104 (2d Cir. 1997).

*Affirmed.*