**Frederick F. CONNER, Plaintiff Below, Appellant,**

v.

**PHOENIX STEEL CORPORATION, a corporation of the Commonwealth of Pennsylvania, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 8, 1969.

Reargument Denied Jan. 23, 1969.

Daniel B. Ferry, Wilmington, for appellant.

Ernest S. Wilson, Jr., and William J. Alsentzer, Jr., of Wilson & Lynam, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an order of the Court of Chancery dismissing an amended complaint for failure to state a claim upon which relief may be granted. The amended complaint, filed by Frederick F. Conner, a former employee of Phoenix Steel Corporation, sought a declaration that Conner has a vested interest in the Phoenix pension plan; that Phoenix be required specifically to perform the plan as to Conner, and that Phoenix be compelled to pay Conner accumulated monthly payments since May 22, 1965.

The amended complaint was dismissed by the Vice Chancellor on the grounds (1) that since Conner was discharged, he is not eligible for early retirement benefits; (2) that even if Conner be considered to have been laid off, he is not entitled to early retirement benefits since the layoff was not accompanied by a declaration by Phoenix that a return to employment was unlikely, and (3) that since Conner's employment was terminable at will, he could be discharged without cause, thus making him ineligible for early retirement benefits.

■ At the time the motion to dismiss was filed, the only record before the Vice Chancellor was the amended complaint. Under such a circumstance, the allegations of the amended complaint are to be taken as established. Accordingly, for present purposes, the facts of the cause may be summarized as follows:

Conner, at the time of the termination of his employment, was 56 years old and had been employed by Phoenix, or by its predecessors, for a period of 28 years and 9 months. On May 22, 1965, without any advance warnings, reprimands or complaints, his employment was arbitrarily and without cause terminated by Phoenix. On September 15, 1965, he was notified that he was ineligible for retirement benefits.

At the time Conner's employment was terminated, there was in effect a pension plan by which, as an employee with 15 years of continuous service, Conner was covered. The plan, by Section III, ¶ 4(b) (2), provided that a covered employee was eligible for early retirement benefits if his age plus years of continuous service equaled, in the case of 15 years of continuous service, 75. At the time of his discharge, Conner's combined years of continuous service, 28 years 9 months, and his age, 56 years, equaled 84.

Conner argues that he is entitled to early retirement benefits. The particular provision of the plan relied upon provides for such benefits to an employee whose combined age and years of continuous service equal or exceed the required total; who is absent from work by reason of "a layoff * * * and whose return to active employment is declared unlikely by the Company."

Conner equates his discharge without cause with a "layoff" and declaration by Phoenix that his "return to active employment" is "unlikely". Phoenix, on the other hand, argues that Conner's employment was terminable at will; that since he was discharged and not laid off with a declaration of unlikelihood of return to employment, he does not qualify.

■ Pension plans are offers of additional deferred compensation to employees as an incentive to continuing better service and loyalty. The offer is accepted by the employee remaining in the employment, which is sufficient consideration to support the employer's promise to pay benefits. A pension plan is therefore an enforceable contract. Delaware Trust Company v. Delaware Trust Company, Del.Ch., 222 A. 2d 320; 56 C.J.S. Master and Servant § 169. Furthermore, pension plans are to be construed liberally in favor of the employee, and, if possible, should not be construed so as to permit the employer unilaterally to make illusory his promise to pay benefits. Russell v. Princeton Laboratories, Inc., 50 N.J. 30, 231 A.2d 800.

■ It is, of course, axiomatic that a court may not, in the guise of construing a contract, in effect rewrite it to supply an omission in its provisions. If it is clear that there is in fact a basic omission which gives the employee no rights under a pension plan, then the employee's claim must fall. It is only when there is an ambiguity in the plan, itself, that a court may construe it to determine the true meaning.

■ Is there an ambiguity in the plan before us? We think so. In Section I, ¶ (1) (g) (2) the words "discharge" and "layoff" are used with separate and dis-

tinct meanings in connection with the determination of a break in continuous service. The two words have clear and distinct meanings which have been judicially recognized. Thus, "discharge" normally means the termination of the employment relationship with no expectation of return, while "layoff" normally means a temporary cessation of employment with an expectation of eventual return. Fishgold v. Sullivan Drydock and Repair Corporation, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230; Anderson v. Twin City Rapid Transit Company, 250 Minn. 167, 84 N.W.2d 593. The use of the two words in this section of the plan are clear and unambiguous.

However, Section III, ¶ 4(b) (2), the only provision of the plan under which Conner claims, is not, we think, free of ambiguity. That provision provides for early retirement upon "layoff" of an employee "whose return to active employment is declared unlikely." The coupling of the two is a clear indication that the drafters could not have had in mind a temporary cessation of employment with an expectation of eventual return. Rather, we think, the intention was to provide for early retirement in the event of a permanent layoff. Since, by definition, a layoff is not permanent, there is an inherent contradiction in the provision, itself, which creates an ambiguity which must be resolved.

Applying the general rule that pension plans are to be construed liberally in favor of the employee, we think a discharge after 28 years' service without cause, complaint or warning, must be, in view of Phoenix's silence as to cause for discharge, equated with "layoff" with "return to active employment declared unlikely by the Company." It follows, therefore, since Conner has alleged achievement by himself of all conditions required for early retirement, that he has stated a claim upon which relief may be granted. His complaint, therefore, was improperly dismissed.

The judgment below is reversed.