**Cyril BRINZO, Plaintiff,**

**v.**

**PHOENIX STEEL CORPORATION, a Delaware corporation, et al., Defendants.**

Court of Chancery of Delaware, New Castle.

March 21, 1973.

William H. Bennethum, and James P. D'Angelo, Wilmington, for plaintiff.

William E. Wiggin, Richards, Layton & Finger, Wilmington, and Hayward H. Coburn, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants.

SHORT, Vice Chancellor:

In this action, plaintiff Cyril Brinzo seeks to establish his right to a disability pension under a pension plan agreement between the United Steel Workers of America and defendant Phoenix Steel Corporation as administered by the individual defendants constituting the Pension Board duly appointed under the terms of the agreement. Plaintiff and defendants have filed cross motions for summary judgment. This is the decision on those motions.

On May 17, 1967,* plaintiff was injured in an industrial accident within the scope of his employment which ultimately resulted in the amputation of his foot. Defendant Phoenix Steel Corporation's doctor and a representative from the company's Safety and Security Department found plaintiff unfit to return to active employment. Subsequently, on January 15, 1971, plaintiff filed an application to the Pension Board for disability pension benefits. On March 1, 1971, the Pension Board denied plaintiff's application on the grounds that plaintiff's continuous service, determined by the Board to be from the initial date of employment (April 29, 1955) to a date two years subsequent to his injury (May 17, 1969) did not meet the 15 year continuous service requirement of Section II, Paragraph 4 of the pension agreement. From the date of the accident to the present, plaintiff has continued ·to receive workmen's compensation benefits from defendant corporation.

The sole question before the court is whether plaintiff has satisfied the require-

ment of "at least 15 years continuous service" necessary to qualify under the terms of the pension agreement. Plaintiff, while conceding that his accumulated service from April 29, 1955 to May 17, 1967 falls short of the requirement, nevertheless contends that he is entitled to credit his subsequent period of disability to "continuous service" and that, therefore, his right to pension benefits accrued on April 29, 1970 without any interim break in continuous service. Defendants contend that plaintiff's "continuous service" was broken two years after the accident and, unless subsequently removed by his return to work at some later date, plaintiff has fallen some eleven months short of meeting the 15 year requirement.

 Certainly, as plaintiff contends, pension plans should be liberally construed in favor of the employee and plaintiff should be given the benefit of any ambiguity in the terms of the agreement. Conner v. Phoenix Steel Corporation, Del.Supr., 249 A.2d 866; Russell v. Princeton Laboratories, Inc., N.J.Supr., 50 N.J. 30, 231 A. 2d 800. However, the court cannot in construing a pension agreement ignore its clear provisions. Neither may it rewrite the agreement to supply omissions in its coverage. Our Supreme Court clearly stated in Conner v. Phoenix Steel Corporation, *supra*:

> "If it is clear that there is in fact a basic omission which gives the employee no rights under a pension plan, then the employee's claim must fail. It is only when there is an ambiguity in the plan, itself, that a court may construe it to determine the true meaning."

I conclude that, under the clear, unambiguous terms defining "continuous service," plaintiff's case must fail.

 Paragraph 19(a) of Section II is the relevant provision applicable to plain-

---

* The complaint alleges that the injury occurred on May 17, 1969, but subsequently, in his sworn answers to interrogatories propounded by defendants, plaintiff stated that the accident did in fact occur on May 17, 1967.

tiff's case. It defines "continuous service," determines how it will be calculated, and provides under what circumstances it may be broken or deductions taken from it:

"Except as qualified by Section III of this Agreement, the term 'continuous service' as used in this Agreement means service prior to retirement and shall be calculated from the date of first employment at [Phoenix Steel Corporation] . . . or subsequent date of reemployment following the last unremoved break in continuous service in accordance with the following provisions . . .

(1) There shall be no deduction for any time lost which does not constitute a break in continuous service, except that in determining length of continuous service for pension purposes that portion of any absence which continues beyond two years from commencement of absence due to a layoff or physical disability, shall not be creditable as continuous service; provided, however, that absence in excess of two years due to a compensable disability incurred during course of employment shall, be creditable as continuous service, if the Employee is returned to work within 30 days after final payment of statutory compensation for such disability or after the end of the period used in calculating lump sum payment.

(2) Continuous service shall be broken by:

. . . . . .

(iv) absence due to a layoff or a physical disability which continues for more than 2 years except that (i) absence in excess of 2 years due to compensable disability incurred during course of employment shall not break continuous service, provided Employee is returned to work within 30 days after final payment of statutory compensation for such disability or after the end of

the period used in calculating a lump sum payment. . . ."

To be eligible for a disability pension, plaintiff must not have had an "unremoved break" in continuous service during the period April 29, 1955 to April 29, 1970. However, subparagraph (2) clearly provides that continuous service "shall be broken" by an absence in excess of two years due to disability. This break may be removed, but only on the happening of a contingency: that is, plaintiff must return to work. Until that proviso in the agreement has been satisfied the break remains complete at a time two years after the accident, in this case May 17, 1969. Failing to satisfy that contingency, plaintiff's continuous service falls short of the 15 year requirement and his right to disability benefits never accrues under the agreement.

Neither do I find this conclusion inconsistent with the fact that plaintiff still received regular monthly workmen's compensation payments from defendant Phoenix Steel Corporation for a work related injury. Plaintiff may be considered an "employee" for the purposes of workmen's compensation; however, to receive a pension he still must meet the requirement of continuous service as defined in the agreement. This plaintiff has failed to do.

The court recognizes that the terms of the agreement fall harshly on plaintiff, a man who prior to his injury had given over twelve years faithful service to his employer. This is indeed unfortunate. However, to give this agreement the construction for which plaintiff argues would overstep the bounds of "liberal construction" and in effect rewrite the agreement. Pension benefits would be available to any employee permanently disabled in the course of employment, no matter how short his active service with his employer, a result certainly not contemplated by the parties to this agreement. However desirable such a provision might be, its inclusion must be left to the collective bargaining process.

Plaintiff's motion for summary judgment will be denied; defendants' cross motion for summary judgment will be granted. An appropriate order may be submitted.

