## Fred A. Mudgett v. John A. Russell Corporation, et al.

[349 A.2d 243]

No. 182-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed November 14, 1975

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*J. Fred Carbine, Jr.,* Rutland, for John A. Russell.

**Per Curiam.** This is a suit by an injured employee against various defendants allegedly liable for the accident. During the course of the pleadings, one of the defendants, John A. Russell Corporation, moved that the action be dismissed as against it. Other motions followed, but the concern of this appeal is with that dismissal. Permission to appeal that order was granted by this Court in October, 1974.

That permission was granted to assist in cleaning up what appear to be misunderstandings among bench and bar with respect to the change in Vermont practice instituted by V.R.C.P. 54(b). Another case decided at this term also illustrates the problem. See *Bean* v. *Rye*, Docket No. 129-75. The grant of permission was also directed at a problem raised by a cross-claim of one of the defendants against this same John A. Russell Corporation. This was resolved by entry of this Court on June 12, 1975, determining that the order of dismissal against the Russell Corporation by the lower court did not affect the continued presence in the case of that corporation as a defendant to the cross-claim.

V.R.C.P. 54(b) makes the entry of a judgment as to one or more but fewer than all of the claims or parties final only if the judgment order is coupled with (a) an express determination that there is no just reason for delay, and (b) an express direction for the entry of judgment.

In this case, neither of the requirements of the rule were fulfilled. We are confronted by the fact that there is here no final judgment, and that therefore an appeal of the issues sought to be raised is not available on the merits under V.R.A.P. 5.

*Appeal dismissed and cause remanded.*