## Paul I. Maynard, Sr. v. The City of Burlingtion

[537 A.2d 995]

No. 86-485

Present: **Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.) and Hill, J. (Ret.), Specially Assigned**

Opinion Filed December 4, 1987

*Samuelson, Portnow & Little, P.C.*, Burlington, for Plaintiff-Appellant.

*Marsha Smith Meekins* of *McNeil, Murray and Sorrell, Inc.*, Burlington, for Defendant-Appellee.

**Gibson, J.** This case arises from plaintiff's appeal of the trial court's granting of defendant's motion for a directed verdict, made at the close of plaintiff's case. We reverse.

Plaintiff is a disabled former employee of the City of Burlington (City). He retired with full disability benefits on September 1, 1973. Upon his retirement, he was provided with a copy of the insurance contract the City carried with The Travelers Insurance Company (Travelers). Plaintiff asserts that through the City's negligence he was unaware of certain benefits available to him under the policy. He only learned of the benefits when he spoke with other disabled retired employees sometime in 1978 or 1979, and he did not file a claim for benefits until October 22, 1979. Travelers refused to pay plaintiff the benefits he demanded, claiming that plaintiff was not covered by the City's policy. Upon denial of his claim, plaintiff filed suit against both the City and Travelers. Prior to the commencement of trial, the cases were severed, requiring plaintiff to proceed separately against the City and Travelers.

The suit against Travelers was tried first. After the jury returned a verdict in plaintiff's favor, the trial court directed a verdict in favor of Travelers on the ground that plaintiff's claim was barred by the six-year statute of limitations. Plaintiff appealed the decision to this Court.

Thereafter, plaintiff's action against the City went to trial. At the close of plaintiff's case, the trial court granted the City's motion for a directed verdict on the ground that the statute of limitations had not run on plaintiff's claim against Travelers, and therefore, plaintiff had failed to establish a prima facie element of his case against the City. That decision is the subject of this appeal.

In granting the City's motion for directed verdict, the court reasoned that plaintiff could not show that any alleged failure on behalf of the City was the proximate cause of his inability to obtain benefits under the policy. Plaintiff argues that by its directed verdict the court improperly foreclosed another claim against the City independent of his claim under the policy. We agree.

In addition to his claim for benefits under the policy, plaintiff's complaint alleged that the failure of the City to explain the range of possible benefits to him and to assist him in obtaining them caused a delay or more than six years in plaintiff's filing for those benefits. Plaintiff asserts that he suffered injury as a result of this

breach of fiduciary duty, and that this claim survives whether or not his claim against Travelers is barred by the statute of limitations.

Plaintiff's claim for breach of fiduciary duty is an independent claim not property includable under the trial court's ruling on the applicability of the statute of limitations. That claim having been prematurely terminated, there was no final judgment from which an appeal could be taken. V.R.C.P. 54(b); see also *Mudgett* v. *John A. Russell Corp.*, 133 Vt. 551, 552, 349 A.2d 243, 244 (1975) (absent express determination pursuant to V.R.C.P. 54(b) that there is no just reason to delay appeal, no appeal may be taken from entry of judgment as to fewer than all of the claims of the parties). Without a final judgment on which an appeal can be taken, this Court lacks subject matter jurisdiction to hear the appeal. *Szirbik* v. *R. K. Miles, Inc.*, 137 Vt. 108, 108, 400 A.2d 1001, 1001 (1979).

*Reversed and remanded for further proceedings on all remaining issues.*