# Peerless Insurance Company v. Barbara J. Wells (Williams) and Salvatore Alfano and Elaine Alfano

[580 A.2d 485]

No. 89-349

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 29, 1990

*Kiel & Boylan,* Springfield, for Plaintiff-Appellee.

*Emily B. Tartter* of *Paterson & Walke, P.C.,* Montpelier, for Defendants-Appellants Alfanos.

**Allen, C.J.** Defendants, the Alfanos, appeal from a declaratory judgment determining that plaintiff is not obligated to pay damages to defendant Wells under a general liability policy issued by plaintiff to the Alfanos. We affirm.

The parties stipulated to the material facts, which disclose that in July of 1984, defendant Wells entered into a contract with the Alfanos for them to construct her home. The home did not have a basement, but was to be constructed on a concrete slab floor on grade. The contract required the contractors to provide for necessary fill and compaction, as well as the construction of the slab. The complaint by defendant Wells against the Alfanos alleged that improper compaction of the fill caused the slab to settle, resulting in extensive structural and cosmetic damage to the house.

In its complaint for a declaratory judgment, plaintiff alleged that the policy at issue did not afford protection for the damages claimed by defendant Wells and sought a declaration that it had no obligation to defend or pay any damages that might be awarded to her in the underlying action.[1] The trial court concluded that the damages sought were not covered by the policy issued by plaintiff because of certain exclusions from coverage contained in the policy. We agree.

On appeal, the Alfanos contend that the exclusions, when read together, create an ambiguity which must be construed in their favor and which results in coverage for the damages sought from them.

The policy provides that plaintiff "will pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because . . . of property damage to which this insurance applies, caused by an occurrence." It further provides that:

---

[1] Plaintiff has acknowledged in the stipulated facts that it is obligated under its policy to afford coverage for a portion of the damage claimed and is, therefore, obligated to defend the suit by defendant Wells against the Alfanos.

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this *exclusion does not apply to a warranty of fitness or quality of the named insured's products or warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;*

. . . .

(n) to property damage to the named insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf of the named insured arising out of work or any portion thereof, or out of materials, parts, or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

(Emphasis added.)

It is argued that exclusion (a) is in conflict with the other exclusions and presents an ambiguity which must be resolved in favor of the insureds.[2]

Our rules for construction of insurance contracts are well settled, and on the facts presented the following rules are applicable: (1) "[i]nsurance contracts must be interpreted according to their terms and the evident intent of the parties, as gathered from the contract language," *Sanders v. St. Paul Mer-*

---

[2] While plaintiff contended that (n), (o) and (p) were all applicable and the trial court concluded that (n) barred recovery because the house was a product, we question whether (n) is the applicable exclusion because the policy defines products to mean goods or products manufactured, sold, handled or distributed. Since on the complaint by defendant Wells against the Alfanos it is alleged that improper compaction resulted in damage to the work performed by the insureds, we conclude that (o) is the applicable exclusion. See *Indiana Ins. Co. v. DeZutti*, 408 N.E.2d 1275, 1280 (Ind. 1980).

*cury Insurance Co.*, 148 Vt. 496, 500, 536 A.2d 914, 916 (1987); (2) any ambiguity in policy language should be resolved in favor of the insured since the insurer is in a better position to avoid the ambiguity, *id.*; and (3) while insurance policies are to be strictly construed against the insurer, it is not to be deprived of unambiguous provisions placed in a policy for its benefit, *Clark v. Cooperative Fire Insurance Ass'n*, 141 Vt. 321, 323, 448 A.2d 155, 156 (1982). With these rules in mind, we examine the claim of ambiguity.

The argument for ambiguity is that the exception to the exclusion found in (a) grants coverage for the occurrence, whereas exclusion (o) takes away the coverage and is in conflict with (a). The exception to the exclusion in (a) retains the coverage for liability for breach of warranty of fitness afforded by the insuring clause unless it is narrowed or eliminated by some other exclusion. However, the exception in (a) is not a grant of coverage; it simply provides that the exclusion for liability assumed by the insured under any contract or agreement does not apply to a warranty of fitness or a warranty that work performed by the insured will be done in a workmanlike manner. Exclusion (o) unequivocally excludes coverage for property damage to the work performed by or on behalf of the insured. The exclusions read together, as they must be, limit the coverage afforded by the policy to damage to property other than the insured's work. We are mindful of the fact that other courts have reached an opposite conclusion.[3] The majority, and in our view the better reasoned decisions, have found no coverage under similar or nearly identical facts. See *Biebel Bros. v. United States Fidelity & Guar. Co.*, 522 F.2d 1207 (8th Cir. 1975) (construing Missouri law); *U.S. Fire Ins. Co. v. Colver*, 600 P.2d 1 (Alaska 1979); *St. Paul Fire & Marine Ins. Co. v. Coss*, 80 Cal. App. 3d 888, 145 Cal. Rptr. 836 (1978); *Indiana Ins. Co. v. De-Zutti*, 408 N.E.2d 1275 (Ind. 1980); *Weedo v. Stone-E-Brick, Inc.*, 81 N.J. 233, 405 A.2d 788 (1979).

---

[3] See, e.g., *Federal Ins. Co. v. P. A. T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976) (en banc); *Worsham Construction Co. v. Reliance Ins. Co.*, 687 P.2d 988 (Colo. App. 1984).

■ The Alfanos further argue that because other jurisdictions have reached different conclusions on the question before us, an ambiguity is established.[4] We agree that in some instances such might be the case. On the issue before us, however, ambiguity results only from a forced reading of the policy language. *Stillwater Condominium Ass'n v. American Home Assurance Co.*, 508 F. Supp. 1075, 1080 (D. Mont. 1981), *aff'd*, 688 F.2d 848 (9th Cir. 1982).

■ The Alfanos also contend that exclusion (o) should not be enforced because it eliminates the warranty coverage reserved in exclusion (n), relying upon *Val Preda Leasing, Inc. v. Rodriguez*, 149 Vt. 129, 540 A.2d 648 (1987). In that case we concluded that a collision damage waiver in an automobile rental agreement was misleading and unenforceable because the exceptions swallowed the protection. *Id.* at 135–36, 540 A.2d at 652. Such is not the case here. The exception to (a) eliminates breach of warranty from the exclusion relating to contractual liability. Breach of warranty coverage is limited by exclusion (o), which eliminates coverage for property damage to work performed by or on behalf of the insured. The result is that coverage exists for warranty claims arising from damage to property other than to property which is the insured's own work. The policy is neither misleading nor unenforceable.

*Affirmed.*

---

[4] *Federal Insurance Co. v. P. A. T. Homes, Inc.*, 113 Ariz. at 139, 547 P.2d at 1052, is cited for this proposition. That opinion cites only *Fontainebleau Hotel Corp. v. United Filigree Corp.*, 298 So. 2d 455 (Fla. Dist. Ct. App. 1974), in support of its holding that an insurance policy covered the insured's liability for construction work done in an unprofessional manner. However, *LaMarche v. Shelby Mutual Insurance Co.*, 390 So. 2d 325 (Fla. 1980), expressly overruled *Fontainebleau*. We also note that *State Farm Mutual Automobile Insurance Co. v. Wilson*, 162 Ariz. 251, 256–57, 782 P.2d 727, 732–34 (1989), overruled *Federal Insurance* to the extent that it automatically required the construction of a policy against the drafter once an ambiguity was established. Under the rule announced in *State Farm*, language subject to conflicting interpretations will be construed against the insurer only after considering the language of the clause, public policy considerations, and the purpose of the transaction as a whole. *Id.* at 257–58, 782 P.2d at 733–34.