**Alison SUCHOSKI & Linda Newton**
v.
**Robert REDSHAW, Derick Redshaw & Andy Redshaw**
v.
**The Travelers Insurance Company, Inc. and The Phoenix Insurance Company**

[660 A.2d 290]

No. 94-344

March 24, 1995. On April 24, 1990, plaintiff Alison Suchoski was injured while riding a bicycle owned by defendant Derick Redshaw and loaned to her by defendant Andy Redshaw. The only issue

on appeal is whether the homeowners policy issued to Derick and Andy's parents by Phoenix Insurance Company was in effect on the date of the accident.

In 1989, Phoenix issued a homeowners policy to defendant Robert Redshaw and his then wife Rhonda Redshaw.* The insurance contract provided coverage for losses occurring "during the policy period shown in the Declarations." The declarations stated that the policy period ran for twelve months beginning March 13, 1989 to March 13, 1990. The contract further provided:

> If we elect to continue this insurance, we will renew this policy if you pay the required renewal premium for the successive policy period, subject to our premiums, rules and forms then in effect. *You must pay us prior to the end of the current policy period or else this policy will not continue.*

(Emphasis added.)

In January 1990, defendant Robert Redshaw received a renewal notice from Phoenix, notifying him to make payment of the premium by March 13, 1990 to ensure coverage after that date. He did not pay the required premium, but, instead, purchased insurance from another company.

On April 12, 1990, Phoenix mailed defendant a document entitled, "Offer to Reinstate." The bottom portion of the "Offer to Reinstate" read:

> *IMPORTANT NOTICE - OFFER TO REINSTATE*
> *YOUR POLICY EXPIRED ON 03/13/90* AT THE TIME STATED IN YOUR POLICY OR THE DECLARATIONS PAGE BECAUSE WE DID NOT RECEIVE THE PAYMENT DUE ON YOUR PREMIUM BY THE DUE DATE. HOWEVER, WE WILL BE HAPPY TO REINSTATE THIS POLICY WITHOUT INTERRUPTION IF YOU PAY THE "TOTAL AMOUNT" BY 05/02/90.

(Emphasis added.) Again, defendant did not pay the stated premium amount or take any action to reinstate the policy with Phoenix.

Also on April 12, 1990, Phoenix mailed to defendant's mortgagee a document entitled "Certificate of Mailing." This document stated:

> NOTICE OF CANCELLATION . . .
>
> WE ARE PLEASED TO HAVE YOU AS A CUSTOMER AND WOULD LIKE TO BE ABLE TO CONTINUE TO PROVIDE YOUR INSURANCE. UNFORTUNATELY, WE HAVE NOT RECEIVED THE PREMIUM PAYMENT DUE ON THIS POLICY. THEREFORE, YOUR POLICY DESIGNATED ABOVE IS CANCELLED IN ACCORDANCE WITH ITS TERMS ON THE EFFECTIVE DATE OF CANCELLATION SHOWN ABOVE, AND AT THE TIME ON WHICH THE POLICY BECAME EFFECTIVE. . . . WE . . . WILL BE PLEASED TO REINSTATE THIS COVERAGE IF WE RECEIVE YOUR PAYMENT ON OR BEFORE THE EFFECTIVE DATE OF CANCELLATION.

The "effective date of cancellation" shown on the certificate was May 2, 1990. In response to this notice, the mortgagee

---

* Defendant and Rhonda Redshaw were divorced in early 1990.

wrote to defendant informing him that it received a notice of cancellation of insurance.

Plaintiffs claim that defendant's insurance policy was in effect on April 24, 1990 because the "Certificate of Mailing" unequivocally indicated that the policy would not be cancelled until May 2, 1990. We disagree.

We must interpret an insurance contract by looking at its provisions together and viewing them in their entirety. *Sanders v. St. Paul Mercury Ins. Co.*, 148 Vt. 496, 501, 536 A.2d 914, 917 (1987). We interpret the contract according to its terms and the parties' intent as expressed in the contract language. *Peerless Ins. Co. v. Wells*, 154 Vt. 491, 493, 580 A.2d 485, 487 (1990). While we will strictly construe an insurance contract against the insurer, resolving any ambiguity in the insured's favor, the insurer is "not to be deprived of unambiguous provisions placed in a policy for its benefit." *Id.* at 494, 580 A.2d at 487.

The expiration date of defendant's policy with Phoenix was unambiguously expressed in the contract. The policy period began on March 13, 1989 and ended on March 13, 1990. Further, the contract required that defendant pay the premium "prior to the end of the current policy period or else [the] policy [would] not continue." In other words, renewal of the policy was conditioned upon payment of the premium before March 13, 1990. Defendant did not pay Phoenix the premium amount prior to March 13, 1990, or any time thereafter. Thus, the policy expired by its own terms on March 13, 1990.

The subsequent notices Phoenix sent to defendant and his mortgagee do not change this result. The April 12, 1990 "Offer to Reinstate" unambiguously stated that the policy had expired on March 13, 1990. It extended an offer to defendant to reinstate the policy if defendant remitted the premium to Phoenix by May 2, 1990. This notice was merely an offer, which defendant rejected, and did

not extend Phoenix's obligations under the prior contract. See *McClure v. State Farm Mutual Auto. Ins. Co.*, 148 S.E.2d 475, 477 (Ga. Ct. App. 1966) (insurer's offer to provide continuous coverage if premium paid within ten days after expiration date of policy does not bind insurer to pay loss occurring during ten-day period unless insurer's offer is accepted by insured by actual payment of premium, or part thereof); *Leide v. Jacy Painting Co.*, 125 N.Y.S.2d 115, 116 (App. Div. 1953) (per curiam) (issuing policy to renew for subsequent term is merely offer to continue coverage; insured rejected offer, and thus, no new insurance contract was created); 18 M. Rhodes, Couch Cyclopedia of Insurance Law § 69:31, at 97-98 (2d rev. ed. 1983) (to bind insurer, offer to renew policy must be accepted by insured before loss has occurred); cf. *J.C. Durick Ins. v. Andrus*, 139 Vt. 150, 152, 424 A.2d 249, 250 (1980) (insurer not entitled to premium merely by sending insured new policy with clause providing that insured could cancel new policy by returning it; new policy was offer and insured's silence did not constitute acceptance to form contract of insurance).

Plaintiffs argue that the April 12, 1990 notice sent to defendant's mortgagee shows that the policy remained in effect at the time of plaintiff Alison Suchoski's injury. Although this notice stated that the effective date of cancellation for the policy would be May 2, 1990, it also stated that the policy would be reinstated upon payment of a premium. Plaintiffs urge us to find an ambiguity in the insurance contract from the ambiguity in this notice. We decline to do so.

The contract language was clear that the policy would end on March 13, 1990, and the subsequent notices sent to defendant were consistent with that language. The April 12, 1990 notice to defendant's mortgagee was merely an offer to reinstate the lapsed insurance contract. This notice neither revived the expired con-

tract nor conferred any rights on defendant. See *Laustrup v. Bankers Life Co.*, 196 S.W.2d 260, 264 (Mo. 1946) (mailing of premium notice after notice advising insured that policy had lapsed did not revive or reinstate lapsed policy).

Plaintiffs also argue that the policy was in effect on April 24, 1990 because Phoenix did not provide defendant with the proper cancellation notice required by statute. See 8 V.S.A. § 3880 (specifying procedure for notice of cancellation). But § 3880 does not apply to nonrenewals of insurance contracts. *Id.* § 3880(c). This case did not involve the cancellation of defendant's policy, but involved defendant's choice not to renew the policy with Phoenix; thus, Phoenix was not required to provide the notice set forth in § 3880. Cf. *Lumbermens Mut. Casualty Co. v. Haynes*, 293 S.E.2d 744, 745 (Ga. Ct. App. 1982) (because policy not renewed and no premiums paid, policy expired and cancellation statute not applicable); *Sampson v. State Farm Mut. Ins. Co.*, 286 N.W.2d 746, 749 (Neb. 1980) (cancellation statute by its own terms does not apply to nonrenewal).

Plaintiffs argue, however, that § 3880 does apply to the present case because an amendatory endorsement to the contract provided that the policy would not lapse automatically at the end of the policy period if Phoenix expressed its willingness to renew the policy. Although this argument is creative, it has little merit. The "notice of cancellation" mentioned in § 3880 refers to unilateral action by an insurer to terminate a policy before the end of the policy period. See *Sampson*, 286 N.W.2d at 749. No such action occurred here. Moreover, the contract and the reinstatement notices stated clearly that the policy had expired on March 13, 1990 and could be reinstated or renewed only by paying the required premiums. Simply stated, there was no insurance contract to cancel after March 13, 1990 and § 3880 did not apply.

*Affirmed.*