## Dennis and Judith MILLER v. TOWN OF WEST WINDSOR

[704 A.2d 1170]

No. 97-048

November 21, 1997. The Town appeals from an order of the Windsor Superior Court granting taxpayers' motion for summary judgment. We reverse.

As part of a general reappraisal of the Town of West Windsor, the listers assessed the 1995 value of taxpayers' property at $929,800. Taxpayers appealed that assessment to the Board of Civil Authority (BCA). The BCA raised the assessed value of taxpayers' property to $1,550,800. Taxpayers then took their case to the superior court for review de novo. There, taxpayers filed a motion for summary judgment, arguing that the BCA missed the statutory time limit by not commencing a hearing within fourteen days as required by 32 V.S.A. § 4404(b) and failed to provide sufficient reasons for its decisions as required by 32 V.S.A. § 4404(c). Based on the BCA's alleged failure to substantially comply with the statutory requirements, taxpayers asked the court to apply the remedy provided in § 4404 and set the value of

their property in the 1995 grand list at the value established for the prior year. Upon consideration of taxpayers' motion, the court found that the Town substantially complied with the time requirements of § 4404. However, the court found that the BCA failed to provide sufficient reasons for its decision and, on that basis, held that taxpayers were entitled to judgment as a matter of law. The Town appeals the grant of summary judgment on the issue of whether the decision of the BCA was adequate in light of § 4404(c). Taxpayers cross-appeal, claiming that the hearing provided was not timely as required by § 4404(b).

We review a motion for summary judgment using the same standard applied by the trial court; summary judgment is appropriate only when the materials before the court clearly show that there is no genuine issue of material fact and the party is entitled to a judgment as a matter of law. See *Wesco, Inc. v. Hay-Now, Inc.*, 159 Vt. 23, 26, 613 A.2d 207, 209 (1992). The party moving for summary judgment has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. See *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988).

There was no genuine issue of material fact concerning the language of the BCA decision. The BCA decision stated:

### REASONS

1. The Miller's [sic] are the owners of a house and 47.15 acres of land located on Delano Road.
2. The value set by the listers was $929,800.00.

### CONCLUSION

We conclude that the topography should be changed to good, waterway should be enhancing,

neighborhood trend should be improving, the additional acreage type should be residential, bathrooms changed to 7 full bath and 2 half baths, a central vacuum system and [an] emergency generator added. (Please see enclosed listers cards.) The new assessment value is $1,550,800.00.

In its decision, the trial court noted that in 1983 the Legislature amended § 4404(c), changing the requirement that the BCA certify in writing its "findings" to a requirement that the BCA certify in writing its notice of decision "with reasons." See *Harris v. Town of Waltham*, 158 Vt. 477, 481, 613 A.2d 696, 698 (1992) (providing a detailed analysis of the legislative history and intent of the 1983 amendment). The court opined that in a case such as *Harris*, wherein the BCA affirmed the assessment by the lister, a brief explanation may be entirely satisfactory, but that a more elaborate explanation may be necessary where the parties present conflicting evidence and the BCA does not rely upon any presumption of validity. The court measured the considerable increase in assessment against the "very little explanation" provided by the BCA for the increase. Specifically, the court faulted the BCA for not explaining why it amended the listers' cards and why adjustments in the listers' cards resulted in a sixty-seven percent increase in the assessment. The court granted the taxpayers' summary judgment motion on this issue.

The Town argues that the court erred in concluding that the BCA failed to state its "reasons" in accordance with § 4404(c). It is apparent that by citing *Beach Properties, Inc. v. Town of Ferrisburg*, 161 Vt. 368, 371, 640 A.2d 50, 51 (1994), the court equated the duties of the State Board of Appraisers under 32 V.S.A. § 4467 with those of a town BCA under § 4404. We do not agree with this

assessment. The Board of Appraisers, along with the superior court, is the primary forum for a full de novo review of municipal tax assessments. As we stated in *Harris*:

> The requirements of § 4404(c) are technical; taxpayers suffered no prejudice from any breach of them. Taxpayers' rights are fully protected by the de novo appeal to the [State Board of Appraisers]. There is no claim that the reasons given by the BCA, however sparse, do not represent its actual determination of the issues raised by the taxpayers.

158 Vt. at 482, 613 A.2d at 699. Nowhere in *Harris* does this Court intimate that "reasons" must be more detailed or qualitatively better when the BCA's assessment value is markedly different from that of the listers.

Indeed, in the present case the BCA provided far more detailed reasons than did the BCA in *Harris*, though most of the "reasons" were stated under the heading of its "CONCLUSION." Nevertheless, the court imposed a requirement that the BCA explain specifically why it changed the values set by the listers, again confusing the roles of the BCA and the State Board of Appraisers.

The Legislature made clear in its 1983 amendment to § 4404 that BCAs have specific and limited duties, and we held in *Harris* that once the BCA explains itself, however briefly, and without regard to the ultimate merits of its determination, its duties end and those of the State Board (or the superior court) begin. The BCA did so in this case, substantially complying with its statutory responsibility to provide a notice of decision "with reasons."

Taxpayers argued below that the BCA also violated § 4404(b) by failing to call a meeting of the BCA "not later than 14

days after the last date allowed for notice of appeal." Taxpayers appealed the listers' assessment on August 29, 1995, which was the last day allowed for such notice of appeal. The court found that the BCA began its hearings on September 19, 1995, outside the fourteen-day requirement. The court denied taxpayers' motion on this issue, however, concluding that the statutory language was directory, not mandatory, and that the BCA substantially complied with the requirements of the statute. Taxpayers raise the issue on appeal, claiming entitlement to the statutory remedy as the result of the BCA's failure to hold a timely hearing.

The determination of whether statutory language is mandatory or directory is one of legislative intent. "When the statute is merely directory, — i.e. directs the manner of doing a thing, and is not of the essence of the authority for doing it, — a compliance with its requisitions is never considered essential to the validity of the proceeding, unless such is the expressed or evident intention of the legislature." *In re Mullestein,* 148 Vt. 170, 174, 531 A.2d 890, 892-93 (1987). The statute in question, § 4404(c), requires only that the BCA "substantially comply" with its provisions. As the court noted, there was no legislative intent to impose the remedy found in § 4404(c) when minor delays occur in BCA hearings.

Further, the court correctly noted that while § 4404 requires that the BCA's hearings of tax appeals begin within fourteen days, it also provides some flexibility in that the hearings may continue "from day to day thereafter." According to the taxpayers' statement of facts, the BCA opened hearings on their appeal on September 19, 1995, and continued them on several successive dates. We agree with the court's denial of taxpayers' claim on this point.

Finally, we note that 32 V.S.A. § 4341 grants a town with less than two thousand inhabitants a ten day extension before it is required to commence a hearing on a taxpayer's appeal. The Town of West Windsor had a population of 932 in July of 1994. Vermont Department of Health, Agency of Human Services, *Population & Housing Estimates, VERMONT 1994* (1995). Therefore, the commencement of the BCA hearing was well within the ten day extension automatically granted by § 4341.

*Reversed and remanded.*