## Perry Viles v. Vermont State Colleges

[724 A.2d 448]

No. 97-306

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed November 13, 1998

*William P. Neylon* and *Lisa A. Warren* of *Swainbank, Morrissette & Neylon*, St. Johnsbury, for Plaintiff-Appellant.

*Stanley Carpenter*, Waterbury, and *Nicholas DiGiovanni* and *Anne M. Kinnane* of *Morgan, Brown & Joy*, Boston, Massachusetts, for Defendant-Appellee.

**Dooley, J.** Plaintiff Perry Viles appeals from a decision of the Caledonia Superior Court holding that defendant, Vermont State Colleges, is not obligated by its employee benefits policies to provide health insurance coverage to plaintiff's wife. We hold that the applicable section of defendant's employee handbook is ambiguous and must, therefore, be construed to provide the benefits plaintiff seeks. We reverse.

After employment with Lyndon State College for over ten years, most recently as special assistant to the president, plaintiff retired in 1993. At the time he retired, plaintiff was over 60 years of age and was a widower. In 1995, he remarried and sought health insurance benefits for his spouse, Barbara Viles, pursuant to defendant's Personnel Handbook for Administrators and Administrative Staff. The applicable section on "Benefits After Retirement" provides:

> Upon retirement at age 55 and above with at least twenty (20) years of continuous service, or age 58 and above with at least fifteen (15) years of continuous service, or age 60 with at least ten (10) years of continuous service, or age 65 and above with at least five (5) years of continuous service, an employee shall receive medical and dental insurance for self and spouse for the rest of their respective lives and for his/her family for one (1) year.

Defendant denied him benefits on the basis that the personnel section authorizes provision of health insurance benefits to a spouse only if the retiree had a spouse on the date of retirement.

Plaintiff brought this declaratory judgment action claiming that Barbara Viles was entitled to health insurance coverage under the policy. Following cross-motions for summary judgment, the Caledonia

Superior Court held for defendant reasoning that the language of the provision unambiguously vests entitlement to health insurance at time of retirement. Thus, the court held that, if the employee has no spouse at time of retirement, subsequent spouses are not entitled to health insurance under the policy. On appeal, plaintiff argues that the handbook provision is ambiguous and the ambiguity should be resolved in favor of coverage.

This case was decided on summary judgment motions. Summary judgment is appropriate if the submissions before the court show that there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. See V.R.C.P. 56(c)(3); *Miller v. Town of West Windsor*, 167 Vt. 588, 588, 704 A.2d 1170, 1171 (1997). The standard in this Court is the same as in the trial court. See *City of St. Albans v. Northwest Reg'l Planning Comm'n*, 167 Vt. 466, 469, 708 A.2d 194, 196 (1998).

This is a contract construction case. The personnel handbook provides the terms of the contract between plaintiff and defendant with respect to retirement benefits. See *Amoco Fabrics & Fibers Co. v. Hilson*, 669 So. 2d 832, 833-35 (Ala. 1995) (employee manual setting out policies on vacation pay is binding on employer); *Fulton-DeKalb Hosp. Auth. v. Metzger*, 417 S.E.2d 163, 164 (Ga. Ct. App. 1992) (handbook is a contract as to employee benefits provided therein); *Hamilton v. Memorex Telex Corp.*, 454 S.E.2d 278, 282-83 (N.C. Ct. App. 1995) (employer bound by vacation pay provisions in manual); *Oregon Police Officers' Ass'n v. State*, 918 P.2d 765, 777 (Ore. 1996) (once employee provides services in reliance on promise to provide benefits on retirement, employer is contractually bound to honor promise); cf. *Taylor v. National Life Ins. Co.*, 161 Vt. 457, 464-65, 652 A.2d 466, 471 (1993) (obligation to follow manual provisions comes from benefit employer receives from their existence, quoting *Toussaint v. Blue Cross & Blue Shield of Michigan*, 292 N.W.2d 880, 892 (Mich. 1980)). Thus, we must construe the applicable provision of the personnel handbook to apply it to the circumstances before us. In doing this, plaintiff urges that we apply the rule applicable to insurance policy interpretation that ambiguities must be resolved in favor of the insured. See *Select Design, Ltd. v. Union Mut. Fire Ins. Co.*, 165 Vt. 69, 72, 674 A.2d 798, 800 (1996).

There are a number of similarities between construction of insurance policies and construction of the employee benefit provision before us. The employee handbook was drafted by the employer, and the employer is in the best position to avoid ambiguity. Compare

*Peerless Ins. Co. v. Wells*, 154 Vt. 491, 494, 580 A.2d 485, 487 (1990) (insurance contract); *Sanders v. St. Paul Mercury Ins. Co.*, 148 Vt. 496, 500, 536 A.2d 914, 916 (1987) (insurance contract) with *Enyeart v. Shelter Mut. Ins. Co.*, 693 S.W.2d 120, 124 (Mo. Ct. App. 1985) (employment handbook drafted by employer). The handbook is a standardized contract imposed by the employer, and the employee cannot bargain over its terms. Compare *City of Burlington v. Associated Elec. & Gas Ins. Servs., Ltd.*, 164 Vt. 218, 221, 669 A.2d 1181, 1183 (1995) (insurance contract); *Wilson v. Commercial Union Assurance Co.*, 90 Vt. 105, 109-10, 96 A. 540, 542 (1916) (insurance contract) with *Dieter v. Fidelcor, Inc.*, 657 A.2d 27, 30 (Pa. Super. Ct. 1995) (retirement plan); *Zuelsdorf v. University of Alaska*, 794 P.2d 932, 934 (Alaska 1990) (personnel policies). In most cases, the employee enters the employment relationship well before retirement and does not focus on the details of retirement coverage in forming the employment contract. See *Maynard v. City of Burlington*, 149 Vt. 40, 41, 537 A.2d 995, 996 (1987) (alleging such facts as basis for claim against employer for breach of fiduciary duty). Because of these similarities, we conclude that the insurance rule on construction of ambiguous provisions should apply to this employee benefit provision.[1] We note that many courts have reached the same conclusion in comparable circumstances. See *Kuta v. Joint Dist. No. 50(J)*, 799 P.2d 379, 382 (Colo. 1990) (uncertainty in contract prepared exclusively by employer must be construed against employer); *McLean v. Continental Wingate Co.*, 442 S.E.2d 276, 278 (Ga. Ct. App. 1994) (ambiguity in employment contract must be construed against employer which drafted the agreement); *Mitchell v. Jewel Food Stores*, 568 N.E.2d 827, 832 (Ill. 1990) (language of employment manual must be construed against employer).

This conclusion does not mean plaintiff necessarily prevails. The fact that plaintiff finds an ambiguity in the handbook language does not make it so. See *Town of Troy v. American Fidelity Co.*, 120 Vt. 410, 418, 143 A.2d 469, 474 (1958). We will not engage in a forced

---

[1] We can reach the same result by applying the rule that pension plans are construed liberally in favor of the employee. See, e.g., *Conner v. Phoenix Steel Corp.*, 249 A.2d 866, 868 (Del. 1969). Moreover, whatever rule would apply in a case involving a private employer, here plaintiff worked for an entity that is at least for some purposes a government agency. Its personnel policies may be seen as a form of governmental rule or regulation that courts construe liberally in light of its evident purposes. See, e.g., *Duhaime v. Treasurer*, 161 Vt. 157, 160, 636 A.2d 754, 756 (1993) (act providing retirement benefits for state employee is remedial and must be interpreted "liberally in favor of the beneficiaries").

reading of the language to find an ambiguity. *Id.* at 417, 143 A.2d at 474; see *Peerless Ins. Co.*, 154 Vt. at 495, 580 A.2d at 488. Nor will we deprive the insurer of unambiguous terms inserted in the policy for its benefit. See *Select Design*, 165 Vt. at 72, 674 A.2d at 800.

 Whether a contract term is ambiguous is a question of law. See *Hunter Broadcasting, Inc. v. City of Burlington*, 164 Vt. 391, 395, 670 A.2d 836, 839 (1995). An insurance contract is ambiguous "if it is reasonably or fairly susceptible of different constructions." *Northern Sec. Ins. Co. v. Hatch*, 165 Vt. 383, 386, 683 A.2d 392, 395 (1996) (citations omitted). "Equivocation and uncertainty, whether in the significance of the terms used or in the form and construction of sentences" can create ambiguity that will require a construction in favor of the insured. *Id.*

The parties' positions turn mainly on the significance and placement of the words "upon retirement" in the benefit provision. Defendant argues that the words fix the date of retirement as determining all eligibility questions including the eligibility of a spouse for medical and dental insurance. This view is reinforced, defendant argues, by the use of the word "employee" to describe the person entitled to the health insurance. In defendant's view, the benefits provision requires the retiree to vest the spouse's right to insurance benefits at the time of retirement, when the retiree is still an employee. Since there was no vested right at the time of plaintiff's retirement, the entitlement was gone.[2]

Emphasizing the placement of the words "upon retirement," plaintiff argues that they describe how age and service eligibility is determined. In plaintiff's view, the significance of the words is to say that age and period of service are measured as of the date of retirement. Thus, plaintiff argues that the eligibility of a spouse for insurance benefits is not related at all to the date of retirement. Further, plaintiff gives no significance to the use of the term "employee" because the handbook does not define the term, never uses the term "retiree" and, thus, draws no distinction between active and retired employees.

---

[2] At oral argument, defendant's counsel stressed the need for defendant to know its benefits exposure at time of the employee's retirement. In explaining this vested rights theory, counsel indicated that, if an employee had a spouse on the date of retirement, medical insurance would be available to any subsequent spouse following the death of or divorce from the spouse in existence at retirement. The vested rights theory may be advantageous to the employer, and in some circumstances also advantageous to the retiree, but we have difficulty finding it in the wording of the handbook provision.

Defendant's interpretation is undercut by the language of the following paragraph in the handbook:

> If an employee otherwise eligible for retirement benefits dies or becomes disabled, his or her spouse shall receive medical and dental insurance for the rest of his/her respective life if no other employer-provided coverage is available.

The circumstances present here could apply to a disabled worker who acquires a spouse after the onset of the disability. The provision covering the disabled worker lacks the temporal language on which defendant relies in construing the retirement provision, although it does use the term "employee."

■ We conclude that, because of the way the benefit sentence is worded, either of the interpretations is reasonable and is not forced. Although defendant may have intended to use the term "employee" to exclude retirees, there is no evidence of this narrow usage. Indeed, our impression from the handbook language is that defendant failed to anticipate the presence of subsequent spouses and clearly specify whether they are eligible for insurance benefits. In the absence of a clear exclusion, we must hold that plaintiff's spouse is eligible for insurance benefits.[3]

*Reversed.*

---

[3] Defendant argues that we should follow the decision of the Vermont Labor Relations Board in *Kelly v. Vermont State Colleges*, 19 V.L.R.B. 100 (1996), which held that under similar language in the collective bargaining agreement the subsequent spouse of a retired worker was not eligible for insurance. The language of the collective bargaining agreement, while similar, contains additional wording that supports defendant's position. More importantly, the collective bargaining agreement was drafted by both defendant and the union, and the terms were subject to bargaining. See *Dieter v. Fidelcor, Inc.*, 657 A.2d 27, 30 (Pa. Super. Ct. 1995) (general rule that agreements are to be construed against employer may be true in case of general retirement plan "presented to the employees on a take-it or leave-it basis" but not where retirement agreement is individually negotiated). Therefore, there is no requirement that ambiguity in the collective bargaining agreement be resolved in favor of the employee. See *Vermont State Colleges Faculty Fed'n v. Vermont State Colleges*, 151 Vt. 457, 461, 561 A.2d 417, 419 (1989) (traditional principles of contract law govern construction of collective bargaining agreement); *In re Gorruso*, 150 Vt. 139, 143, 549 A.2d 631, 634 (1988) (where contract language is ambiguous, court must "look at the situation and motives of the parties, the subject matter of the contract, and the object sought to be attained by it" to determine drafters' intent).