## James CHAMBERLAIN v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

[756 A.2d 1246]

No. 99-118

June 12, 2000. Plaintiff James Chamberlain appeals a Caledonia Superior Court grant of summary judgment to defendant Metropolitan Property and Casualty Insurance Company. Plaintiff argues that he is entitled to the "each accident" limit of $300,000 in underinsured motorist coverage under his policy with defendant; thus the court erred in limiting his claim to the $100,000 "each person" amount. We affirm.

The relevant facts are undisputed. Plaintiff and his former wife were injured in a motor vehicle accident on May 31, 1992. At the time of the accident, an automobile insurance policy previously issued by defendant to plaintiff was in effect, that provided liability protections and coverage for uninsured and underinsured motorists for bodily injury and property damage. Plaintiff and his former wife filed suit against the driver of the other vehicle. Plaintiff ultimately settled, with defendant's permission, for the full amount of the other driver's automobile liability limit of $100,000, while his former wife settled for less than that amount.

Plaintiff alone then pursued an underinsured-motorist claim against defendant, contending that underinsured

motorist coverage with a limit of $300,000 was available to him under the policy's "each accident" limit. Defendant, citing the policy's "each person" limit of $100,000, denied the claim, arguing that plaintiff's loss was not underinsured pursuant to the terms of the policy. The relevant uninsured-motorist coverage language,[1] contained in Section IV of the policy, states:

Limits of Liability

The limit shown in the Declarations for "each person" is the maximum we will pay to any one person for all damages resulting from any one accident. The limit shown in the Declarations for "each accident" is the maximum we will pay to two or more persons.

Both parties moved for summary judgment. The superior court granted defendant's motion, finding the policy unambiguous and relying on language from a separate and unrelated section of the insurance contract which showed that the "each accident" limitation on coverage was subject to the "each person" limitation on coverage.[2] Plaintiff appealed to this Court.

---

[1] Under the claim at issue in this case, we treat the terms "uninsured" and "underinsured" interchangeably.

[2] Plaintiff asserts that the trial court erred in relying on a separate section of the policy unrelated to underinsured motorist coverage. We affirm the judgment below, but reach our conclusion upon different grounds than the trial court. See *Waters v. Concord Group Ins. Cos.*, 169 Vt. 534, 535, 725 A.2d 923, 925 (1999) (mem.) (construction of insurance contract language is matter of law, and Supreme Court makes its own inquiry into proper legal effect of terms of agreement, employing trial court's valid findings of fact).

Plaintiff argues that the court erred in relying on a separate section of the policy to limit his claim to $100,000. He contends that the policy language is ambiguous and, in conjunction with the facts of this case, it affords plaintiff $300,000 of underinsured motorist coverage.

We review a grant of summary judgment using the same standard as the superior court. *Madden v. Omega Optical, Inc.*, 165 Vt. 306, 309, 683 A.2d 386, 389 (1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, we take as true the facts alleged by the nonmoving party, see *Madden*, 165 Vt. at 309, 683 A.2d at 389, and give the nonmoving party the benefit of all reasonable doubts and inferences. See *Wilcox v. Village of Manchester Zoning Bd. of Adjustment*, 159 Vt. 193, 196, 616 A.2d 1137, 1138 (1992).

An insurance policy must be interpreted according to its terms and the evident intent of the parties as expressed in the policy language. *City of Burlington v. National Union Fire Ins. Co.*, 163 Vt. 124, 127, 655 A.2d 719, 721 (1994). Disputed terms are to be read according to their plain, ordinary and popular meaning. See *id.* at 127-28, 655 A.2d at 721. Whether a contract term is ambiguous is a question of law. See *Hunter Broadcasting, Inc. v. City of Burlington*, 164 Vt. 391, 395, 670 A.2d 836, 839 (1995). Any ambiguity in an insurance contract must be construed in favor of the insured. See *Garneau v. Curtis & Bedell, Inc.*, 158 Vt. 363, 367, 610 A.2d 132, 134 (1992). The insurer, however, should not be deprived of unambiguous provisions put into a policy for its benefit. See *Peerless Ins. Co. v. Wells*, 154 Vt. 491, 494, 580 A.2d 485, 487 (1990).

Plaintiff contends that ambiguity exists because the underinsured motorist language of the policy at issue does not state that its "each accident" limit of $300,000 is subject to its "each person" limits of $100,000. Plaintiff has directed our attention to several cases in which courts have concluded that the absence of policy language making a "per occurrence" (or "each accident") limit "subject to" a "per person" (or "each person") limit created an ambiguity that should be resolved in favor of the insured. See, e.g., *Andrews v. Nationwide Mut. Ins. Co.*, 467 A.2d 254 (N.H. 1983); *Mostow v. State Farm Ins. Cos.*, 668 N.E.2d 392 (N.Y. 1996); *Farm Bureau Mut. Ins. Co. v. Winters*, 806 P.2d 993 (Kan. 1991).

We do not reach the issue decided in the above cited opinions because the case before us differs in one fundamental and controlling aspect. Here, unlike each of the cited cases where two or more persons sought the benefit of the higher "per occurrence" limit, see *Andrews*, 467 A.2d at 255; *Mostow*, 668 N.E.2d at 393; *Winters*, 806 P.2d at 994, plaintiff is the *only person* presenting an underinsured claim under the policy. His claim does not represent his former wife's interest or that of any other individual who is a second person covered by the policy. Thus, assuming arguendo that the second sentence of the "Limits of Liability" language of Section IV (i.e., "The limit shown in the Declarations for 'each accident' is the maximum we will pay to two or more persons") would create the ambiguity claimed by plaintiff, only the first sentence (i.e., "The limit shown in the Declarations for 'each person' is the maximum we will pay to one person for all damages resulting from any one accident") is relevant to plaintiff's claim. Ambiguity arises where the language at issue can be "'reasonably or fairly susceptible of different constructions.'" *Northern Sec. Ins. Co. v. Hatch*, 165 Vt. 383, 386, 683 A.2d 392, 395 (1996) (quoting *Town of*

*Troy v. American Fidelity Co.*, 120 Vt. 410, 418, 143 A.2d 469, 474 (1958)). There simply is no ambiguity in the policy's statement that the limit shown in the Declarations for "each person" is the maximum to be paid "*to any one person for all damages resulting from any one accident.*" (Emphasis added.)

Under the terms of the policy at issue, the insurer's liability to plaintiff — the only person making a claim for benefits provided pursuant to the underinsured provision — is capped by the $100,000 limit shown in the Declaration for "each person."

*Affirmed.*