11-1138-cv
Murphy v. Acceptance Indemnity Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                       REENA RAGGI,
                                *Circuit Judges*,
                       JED S. RAKOFF.
                                *District Judge*.[*]

------------------------------------------------------------------------
DANIEL MURPHY, WENDY LINNINGTON,
                       *Plaintiffs-Appellants*,


                       v.                                              No. 11-1138-cv

ACCEPTANCE INDEMNITY INSURANCE COMPANY,
                       *Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANTS:     FRANK H. LANGROCK (Kevin E. Brown, *on the brief*), Langrock, Sperry & Wool, LLP, Middlebury, Vermont.

APPEARING FOR APPELLEE:     JOHN A. SERAFINO, Ryan, Smith, & Carbine Ltd., Rutland, Vermont.

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 15, 2011, is AFFIRMED.

Plaintiffs Daniel Murphy and Wendy Linnington appeal from an award of summary judgment in favor of Acceptance Indemnity Insurance Company ("Acceptance") in this action for breach of contract. Plaintiffs submit that the district court erred in concluding as a matter of law that Acceptance did not have a duty to defend its insured, Rusty Nail Acquisition, Inc., in plaintiffs' tort suit because the conduct alleged fell within a policy exception for assault and battery. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Duty to Defend

Under Vermont law, which controls in this case, there is a duty to defend "whenever it is clear that the claim against the insured might be of the type covered by the policy." Allstate Ins. Co. v. Vose, 177 Vt. 412, 417, 869 A.2d 97, 101 (2004) (internal quotation marks omitted). While the policy here at issue covers claims for bodily injury, it excludes from such coverage "claims arising out of Assault and/or Battery." Appellant App. at 34.

Plaintiffs' underlying complaint against the insured alleged in ¶ 7 that "[w]ithout basis or provocation, [Rusty Nail employees] forcefully escorted Mr. Murphy from the restaurant, and threw or pushed Mr. Murphy down a flight of stairs." Id. at 64. This allegation states

2

claims for assault and battery under Vermont law. See Christman v. Davis, 179 Vt. 99, 101, 889 A.2d 746, 749 (2005) (noting that battery is "intentional act that results in harmful contact with another" (citing Restatement (Second) of Torts § 13 (1965))); State v. Riley, 141 Vt. 29, 33, 442 A.2d 1297, 1298 (1982) (noting civil notion of assault is when person "places another in fear of bodily injury, even if the alleged assailant acts without purpose to carry out the threat").

Insofar as plaintiffs attempt to recast these events in ¶ 9 under a theory of negligence, we conclude, like the district court, that the action nevertheless is one "arising out of" an assault or battery. Appellant App. at 34. In assessing a duty to defend, a court "must focus on the factual allegations in [the] complaint and not on the legal theories asserted." TBH v. Meyer, 168 Vt. 149, 153, 716 A.2d 31, 34 (1998). Paragraph 9 does not allege alternative facts, only an alternative legal theory. But that theory is inconsistent with the allegations of forcible throwing and pushing that are the crux of the tortious conduct. Indeed, the Vermont Supreme Court has regularly found no duty to defend, notwithstanding a complaint's negligence claim, where that claim is "inconsistent with the facts alleged in the underlying complaint." See Allstate Ins. Co. v. Vose, 177 Vt. at 418, 869 A.2d at 101; Serecky v. Nat'l Grange Mut. Ins., 177 Vt. 58, 64, 857 A.2d 775, 781 (2004). Therefore, the action is not covered by Acceptance's policy. See State Farm Mut. Auto. Ins. Co. v. Roberts, 166 Vt. 452, 460, 697 A.2d 667, 672 (1997) (noting that phrase "arising out of" is "very broad and comprehensive" and requires only "some causal relationship").

3

Insofar as plaintiffs further argue on appeal that any initial battery by Rusty Nail employees would have been privileged, the argument is unavailing. Assuming Vermont recognizes such a privilege, it permits "reasonable force" only when the "actor reasonably believes that the other's intrusion can be prevented or terminated only by the immediate infliction of the harmful or offensive contact." Restatement (Second) of Torts § 77 & cmt. g. The underlying complaint's allegation that Rusty Nail employees' use of force was "[w]ithout basis or provocation" contradicts any such claim. Appellant App. at 64.

Accordingly, we affirm the district court's ruling that there was no duty to defend.

2. Duty to Indemnify

Plaintiffs do not dispute that Vermont courts would follow the law of other jurisdictions and analyze the duty to indemnify with respect to the true facts as determined by the court, rather than the allegations of the complaint. See, e.g., Servidone Constr. Corp. v. Security Ins. Co. of Hartford, 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 142 (1985) (noting that under New York law "duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person"). Nor do they take issue with defendant's assertion that plaintiffs conceded defendant's statement of undisputed facts below. These undisputed facts establish that Rusty Nail employees "grabbed" Murphy, "lifted" him off the ground, "rushed" him through the club, and then "threw" him down the stairs. Appellee App. at 23. The facts further establish that the employees made a "choice to inflict pain" on Murphy through "brutal, aggressive & violent behavior." Id. at 24. These facts clearly demonstrate that the claim arose out of an assault or battery.

4

Plaintiffs contend that the statement of Rusty Nail employee Heath Dalley creates issues of material fact sufficient to preclude summary judgment. We disagree. Assuming Dalley's statement is properly considered on summary judgment, see 28 U.S.C. § 1746; Fed. R. Civ. P. 56, the statement is not inconsistent with defendant's statement of undisputed facts. Moreover, even if the statement could have provided a basis for plaintiffs to dispute these facts, plaintiffs did not do so here.

3. Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. The judgment is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court